ROSE ROTH, Respondent, *v.* THE ADIRONDACK COMPANY, Appellant.

Second Department, July 27, 1920.

Master and servant — negligence — action by hotel waitress for injuries received by overturning of hotel bus in which she was riding during time off — rides on bus as part consideration for services — fellow-servant doctrine not applicable — Workmen's Compensation Law.

In an action to recover damages for injuries received by the plaintiff while riding in the defendant's motor bus it appeared that the plaintiff was

engaged by the defendant, by the month, to work as a waitress in its hotel, and that as a part of her pay she was given the privilege of riding in the defendant's motor bus to and from an adjoining village without charge; that after her work as waitress was completed at about two o'clock in the afternoon her time was her own up to about six o'clock when she began work in preparation for the evening meal; that during such period of time in the afternoon when she was not engaged in work for the defendant she rode to a neighboring village on the defendant's motor bus and on the return trip the bus overturned, through the negligence of the driver, injuring the plaintiff. In the ordinary course she would have reached her dormitory about two hours before she was obliged to report for duty.

*Held,* on all the evidence, that while the plaintiff was hired by the month and in one sense continued in defendant's employment wherever she might be, still at the time of the accident she was not engaged in defendant's work and she was not a fellow-servant with the driver of the defendant's motor bus.

As the injury occurred while the plaintiff was off duty she was not compelled to seek compensation for her injuries under the Workmen's Compensation Law.

APPEAL by the defendant, The Adirondack Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 15th day of January, 1920, upon the verdict of a jury for $1,400, and also from an order entered in said clerk's office on the 27th day of January, 1920, denying defendant's motion for a new trial made upon the minutes.

*Edward P. Mowton* [*William M. Wherry, Jr.,* with him on the brief], for the appellant.

*Samuel Greenbaum,* for the respondent.

KELLY, J.:

The appellant argues that at the time of the accident on August 26, 1918, the plaintiff was its employee engaged in its service; that the negligence of the driver of the automobile in which she was riding was the negligence of a fellow-servant for which defendant was not liable, and that the plaintiff must seek compensation for her injuries from the State Industrial Commission under the Workmen's Compensation Law.

We think that on the evidence in this case the plaintiff was not engaged in the work of the defendant at the time of the accident, and that the driver of the automobile was not

her fellow-servant. Under her contract of employment she was engaged as a waitress at the White Face Inn, and her hours of work and the labor which she was engaged to perform were specified. She slept in a dormitory upon the hotel grounds. She reported for duty at seven o'clock in the morning. Her work was in the dining-room of the hotel. Before the dining-room doors opened for breakfast she swept, dusted, filled the water bottles and prepared the tables to which she was assigned. The doors opened at eight o'clock and she waited upon the guests until the dining-room closed at half-past nine, when she cleaned up, changed the table linen and did whatever side work was necessary and was through at ten o'clock. She testifies, and there is no contradiction, that from ten o'clock until noon she was on her own time. She went to her room, went out for a walk or followed her own inclination, doing no work for the defendant until noon, when she again reported for lunch in the help's dining-room. She says: " Once out of the dining-room I was through until lunch time." Her lunch occupied her from twenty minutes to half an hour. She then went over to the hotel and repeated her preparation of the tables until the doors opened and the guests came in at one o'clock. She waited on the tables until the guests' lunch was over. The dining-room doors closed at two o'clock. Sometimes her work was completed at two o'clock, approximately she was through by a quarter after two. She was not required to report for work again until six o'clock in the evening for dinner. From the time she left the dining-room after lunch she did no work in the dining-room or in any part of the hotel and she was never requested to do any work. Her time was her own up to six o'clock.

When she was employed she was promised eighteen dollars a month with room and board, and in addition the defendant agreed that if during her off hours she desired to visit the neighboring village of Lake Placid she would be given free transportation upon the hotel bus running regularly, for the convenience of the guests between the hotel and the railroad station in the village. She was required to obtain a pass or ticket at the hotel office, which she surrendered to the chauffeur

operating the defendant's bus. He testified that every one riding on the bus must pay fare, have the ride charged at the hotel office or produce a pass. He said: " The help had to [pay] if they didn't have a pass, and the guests."

On the afternoon of the accident, having completed . her work at two o'clock, and being off duty until six, she desired to do some personal shopping in the village and applied for and obtained a bus pass. She entered the bus with four other waitresses. The wife of the manager of the hotel was also a passenger. The bus was on one of its regular trips to the railroad station. She rode to the village where she alighted with the other passengers, the bus going on to the station in charge of the chauffeur with the hotel porter to meet an incoming train. On its return from the railroad station, the plaintiff and her companions boarded the bus in the village and it proceeded towards the hotel, some three miles away. This was between half-past three and four o'clock in the afternoon. In the ordinary course the plaintiff would have reached her dormitory about four o'clock, leaving her about two hours free time before she was obliged to report for duty. Between the village and the hotel the bus turned over and the plaintiff received injuries for which she has recovered a verdict upon her allegation that they were occasioned by negligence on the part of defendant and without fault on her own part. There was evidence justifying a finding by the jury that the accident was occasioned by the carelessness of the chauffeur in driving the bus on the return trip.

Upon the evidence in the case I think that while it is true that plaintiff was hired by the month, and in one sense continued in defendant's employment wherever she might be, still at the time of the accident she was not engaged in defendant's work and she was not a fellow-servant with the driver of the hotel bus. Her shopping trip to the village was no part of her duty as defendant's employee. Her time was her own. In pursuance of its contract the defendant was transporting her between the village and the hotel. She was free to go to Lake Placid village to shop or to stay in her own room as she saw fit. When she decided to go to the village the defendant was rendering her a service which it had agreed to perform for her. The defendant did not pay her to ride in the bus; on the

contrary, she paid defendant for the ride. It was part of the consideration for her service. She was traveling for her own purposes and the right of defendant to her services was suspended. She was not going to work. She had two hours after the return of the bus in which her time was her own.

In *Matter of Daly* v. *Bates & Roberts* (224 N. Y. 126) the claimant was a laundress employed in a hotel in New York city. Her hours were from seven-fifteen A. M. to five or five-thirty P. M. She received as wages, money, board and lodging and after regular hours she had the privilege of using the laundry to do her own laundry work. On the day of the accident she finished her work in the laundry about four-thirty P. M., and during the evening, while engaged in the laundry doing her own work, she injured her wrist. The State Industrial Commission held that the injury arose out of and in the course of her employment, and their award was affirmed by this court in the Third Department. (183 App. Div. 914.) But the Court of Appeals reversed the order, holding that the injury did not arise out of or in the course of her employment; that her employment as laundress was to be performed within established hours, and that at the time of the accident she had completed her labors for her employer, and her duty to her employer did not require her presence in the laundry until the following morning. Judge HOGAN, writing for the court, says: " The accident occurred in the evening while she was engaged in doing work personal to herself. At that time she was not engaged in the performance of any duty she was employed to perform, or directly connected with or incidental to the work of the employer, but her labor there was entirely disassociated with the work of her employer. The fact that she was permitted to use the laundry for her personal benefit did not change the relation of the parties. (*Brienen* v. *Wisconsin Public Service Comm.*, 163 N. W. Rep. 182.) Had the claimant remained in her room in the hotel and engaged her time in mending her clothing, and while so engaged met with an accident by reason of using a scissors, it could scarcely be held that such injury would arise out of and in the course of her employment or was incidental thereto. [*Matter of De Filippis* v. *Falkenberg,* 170 App. Div. 153; affd., 219 N. Y. 581; *Hallett's Case* [Mass., May 28, 1918], 119 N. E. Rep. 673; *Griffith* v. *Robbins,* Court of

Appeal, England, December 14, 1916, 10 Butterworth's Workmen's Compensation Cases, 90.] In the latter case a girl employed as a parlor maid was sitting in the kitchen, occupying her spare time in mending a rent in her dress. Hearing a bell rung by her mistress, she left the darning needle in·her dress and went to answer the bell. In walking to the door she managed in some way to drive the needle into her knee, breaking it off short, causing her serious injury. An award was made in her favor, which was reversed by the Court of Appeal of England, and it was there held there was no evidence to show that the injury was due to any risk incidental to her employment and that the accident did not arise out of her employment."

The appellant in the case at bar cites *Matter of Littler* v. *Fuller Co.* (223 N. Y. 369) and *Vick* v. *N. Y. C. & H. R. R. R. Co.* (95 id. 267), cases where an employer provided vehicles, an automobile in one case and a railroad train in the other, for the specific purpose of carrying workmen to and from the place of employment in order to secure their services. I do not think either of the cases affects the plaintiff's right to recover in the present case. The transportation in the cases cited was part and parcel of the work itself. Indeed, Judge Pound says in *Matter of Littler* v. *Fuller Co.* (*supra*): " The day's work began when he [claimant] entered the automobile truck in the morning and ended when he left it in the evening. * * * The case would be different if at the time of the accident claimant had been on the railroad train on his way to or from Great Neck " (the station at which the automobile received and delivered the workmen). A case similar to the one at bar is *Pierson* v. *Interborough Rapid Transit Co.* (184 App. Div. 678), where the plaintiff, an elevated railroad guard, having been on duty for some hours, had two hours off. His time was at his disposal for that period. He was in uniform, but instead of leaving the train, he remained on board intending to visit his dentist, but ·also with the intention of stopping off to collect his pay. There was a collision in which he was injured. Mr. Justice Shearn, writing for a unanimous court, and citing the *Daly Case* (*supra*), held that he was " off duty," that the injury was not received while he was doing the duty he was employed to perform, nor was it a natural incident of the

work. The court decided that plaintiff was not relegated to the Workmen's Compensation Law.

It seems to me that these considerations dispose of the additional claim of appellant that the injury was occasioned by the negligence of a fellow-servant, for which defendant was not responsible. The fellow-servant rule applies to servants of a common master co-operating or engaged in a particular work. I can find no such relation between the plaintiff and the chauffeur. In my opinion, the plaintiff was not working for the common employer at the time of the accident. (*O'Bierne* v. *Stafford*, 87 Conn. 354.)

I recommend affirmance of the judgment and order appealed from, with costs.

Present — JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ.

Judgment and order unanimously affirmed, with costs.