DOMINICK MEO, Appellant, v. JACOB BLOOMGARDEN, Respondent, Impleaded with LUSTBADER-LUTZ CO., INC., Defendant.*

Second Department, December 23, 1932.

* Appeal dismissed, 262 N. Y. 72.

*Benjamin R. Leinhardt*, for the appellant.

*Theodore H. Lord* [*James B. Henney* and *Daniel R. Harvey* with him on the brief], for the respondent.

DAVIS, J.   The action was brought to recover damages for personal injuries sustained while plaintiff was riding in the truck of the defendant Bloomgarden who alone has appealed and to whom we shall hereinafter refer as the defendant.   There was a collision with another automobile, and it is claimed that the defendant was negligent.   The defendant, among other things, alleged in his answer that the plaintiff was in the employ of the defendant at the time of the injury and that his only remedy is for the compensation prescribed in the Workmen's Compensation Law.   Much of the evidence was directed to this question concerning employment; and a verdict in favor of plaintiff was set aside on the ground that the plaintiff was not entitled to recover for the reason that he was at the time an employee of the defendant.

The plaintiff was a day laborer employed by a general contractor who paid him his wages each week.   At times this contractor furnished laborers to independent plumbers, such as defendant, to work for them by the day, receiving the entire compensation therefor, which included a sum over and above the wages he paid to the laborer.   On the morning of the accident the plaintiff was directed to go to the defendant's place of business and he arrived there before eight o'clock, when his day's work usually began.   The plaintiff had not been informed concerning the particular place where he was to work.

When the defendant reached his office and found the plaintiff there, the latter told him that his employer had sent him, and defendant said, " All right.   Wait there until the truck comes and you will go to work.   Q. Did he say the truck would take you to the place where you were going to work?   A. Yes, sir.   Q. How long did you wait before the truck came?   A. About another ten minutes.   Q. Up until this time you had not done any work, had you?   A. No."   When the truck came he got on.   There was another man and the chauffeur on it.   He did not know where he was going.   The accident occurred on the way to the place where plaintiff was to work.

It had been the custom of the plaintiff to work a full eight hours of actual labor on every job, no matter how he reached the scene of the work or whether he was late in arrival or there was other interference with beginning the work.   It does not appear that the defendant knew of this custom; but it at least shows the state of the plaintiff's mind in respect to his hours of labor and the period of

transportation not being a part of the time of the employment. There was no express agreement as to when plaintiff's period of service was to begin.

There is no doubt that if the plaintiff had begun his labor the defendant would be his special employer, for the general contractor retained no power of supervision or control of the work, and the labor would be a furtherance of the interests of the special employer. (*Standard Oil Co.* v. *Anderson*, 212 U. S. 215; *Charles* v. *Barrett*, 233 N. Y. 127.) The sole question is: When did the period of employment begin? Was it when the actual work was to be commenced, or did it begin when the plaintiff got into the truck?

The relation of master and servant is based on contract, either express or in certain instances implied. Likewise, the time of the commencement of the work and the period of service must rest on agreement between the employer and employee. It is ordinarily a mixed question of law and fact.

It is stated in *Baldwin* v. *Abraham* (57 App. Div. 67, 79; affd., 171 N. Y. 677): "And where the question as to the existence of the relation of master and servant is a mixed one of law and fact, it must be left to the jury." In *Matter of Heitz* v. *Ruppert* (218 N. Y. 148, 153), speaking of certain matters in relation to servants and whether the master was bound, POUND, J., says: "Such cases necessarily present close questions of fact."

Generally speaking, transportation is no part of the contract of employment, except under circumstances where there is an agreement to that effect or the occupation itself implies that transportation is a part of the employment. Discussing this principle in *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.* (229 N. Y. 489, 492), COLLIN, J., says: "The contract of employment did not obligate the company to transport him. * * * It did not contract that he should ride to and from work or pay him for the time through which he was riding. The transportation was not an incident of the employment. The employment continues throughout the transportation in case the parties by their contract of hiring positively or inferentially so stipulate. If they do not so stipulate, the employee when he enters into the process of the transportation is not under the hiring or control or in the employment of the employer and is not the employee." And in *Tallon* v. *Interborough Rapid Transit Co.* (232 N. Y. 410, at p. 414) it was said: "Now this case differs materially from those cases where the employer in order to get his employees to and from their work, provides conveyances exclusively for their use which in no sense are public conveyances and in which the employees undertake to ride as part of their contract of employment in going to and from their work."

(See, also, *Pierdiluca* v. *Benedetto*, 210 App. Div. 441; *Matter of Schultz* v. *Beaver Products Co., Inc.*, 223 id. 582; affd., 250 N. Y. 565.)

There are certain occupations where transportation is an incident of the employment, as in the case of traveling salesmen and other persons where the nature of the work requires the use of some vehicle. Where an accident has happened in such cases it has been held that it arose " out of and in the course of employment." (*Matter of Faulkner* v. *Stratton-Amsterdam Corp.*, 245 N. Y. 542; *Matter of Fronce* v. *Prosperity Co., Inc.*, 255 id. 613.) In other cases the injured employee has received compensation where it appeared that there was an agreement on the part of the employer to furnish transportation and the vehicle was furnished for the specific purpose of carrying the workmen to and from the place of employment (*Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369); or where there were special circumstances indicating that the transportation was furnished as an incident to the employment on the particular occasion and that both parties so understood it. (*Van Gee* v. *Korts*, 252 N. Y. 241.)

Great reliance was placed on the *Van Gee Case* (*supra*) by the court at Trial Term in setting aside the verdict. As we read it, there are distinct differences between the facts in that case and those presented here. There the employment was steady and had covered a considerable period of time. The employee had over-slept and had not appeared at the place of business of his employer at the time his service usually began. An automobile was sent for him in order that he might hasten to his work, the usual period of which was already running. It was while he was on his way to work under these circumstances that the accident happened. It was held that the employee had assented to obey his master's orders when he got into the automobile; and that there could be no recovery in an action for negligence. In the opinion the distinction between that and the ordinary case is recognized when it is said (p. 244): " When an employee, riding on his own time, chooses his own way of reaching his master's place of business, and there is no obligation on the master to carry him, the trip is not an incident of the employment, even though the master gratuitously permits him to ride in a conveyance owned by him." Again there is recognition of the necessity of agreement for transportation if it is to be considered part of the period of the day's work, and it is said (p. 245): " Compensation is awarded for injuries to an employee which occur in a conveyance furnished by the employer while carrying him to his work, provided the employer is bound by contract, express or implied, to furnish transportation."

In this case the plaintiff's employment was casual. There had been no relation or agreement between the parties that indicated a particular time when the work was to begin. The plaintiff had in mind that it was his duty to furnish eight hours of actual labor for the pay he should receive. There had been no bargain made between the parties concerning transportation as an incident to labor and compensation. Under these circumstances we cannot say as a matter of law that the plaintiff assented to an unexpressed purpose of the employer that the day's work should begin when plaintiff entered the truck. Admittedly there was no express agreement, and the elements of an implied agreement are not so clear that we may say as a matter of law that the period of service had begun. The direction to plaintiff might have been regarded as an order or an invitation. It could well have been within the mind of the plaintiff that he was receiving a gratuitous ride in lieu of directions to get to the work by means of his own choice; and if the defendant understood it differently, then their minds did not meet on an agreement. It might have been found as a question of fact, on inferences drawn from the evidence, that there was an implied agreement between the parties that the transportation should be furnished as a part of the employment, and that the day's work was to begin immediately. On the other hand, the inference might be drawn on the same state of facts that the transportation was to be furnished as a gratuity for the convenience of the employee; that plaintiff's pay would begin only when he was on the job; and that at the time of the accident he was not within the zone of his employment. The relation between the two received no actual test, for there was no labor rendered and there was never any payment or offer to pay by defendant for this inconsiderable period of time between leaving the office and the accident.

It was the function of the jury to draw a conclusion from these conflicting inferences; and they determined this question of fact in the plaintiff's favor, not only by a general verdict, but by a special finding in which they answered in the negative a question submitted to them as to whether the plaintiff was the employee of the defendant.

It may be added that the defendant testified that he had no laborers regularly on his payroll. It appears that the policy of compensation insurance was offered in evidence but it was not printed, and we are not informed that there was coverage of casual laborers like the plaintiff. So whether the defendant complied with section 50 of the Workmen's Compensation Law, we are not advised. This proof would be important if defendant had at all times considered plaintiff in his employ and he wished to avoid

the greater danger to which he would be exposed under the provisions of section 11 of that statute.

We reach the conclusion that the verdict of the jury is supported by the evidence and is decisive of the question of employment, and that a contrary determination cannot be justified as a matter of law.

The order should be reversed on the law and the facts, the verdict reinstated, and judgment directed for the plaintiff, with costs.

LAZANSKY, P. J., YOUNG, HAGARTY and TOMPKINS, JJ., concur.

Order reversed on the law and the facts, verdict reinstated, and judgment directed for the plaintiff, with costs.