THELMA JOHNSON
vs.
DORIS H. WEISE, ET AL.

Superior Court          Hartford County          File #57147

MEMORANDUM FILED JULY 12, 1938.     125 Conn. 238

Louis Y. Gaberman, of Hartford, for the Plaintiff.

Warren Maxwell, of Hartford, for the Defendants.

O'SULLIVAN, J.   The complaint sets forth the typical cause of action based on negligence and the case would be of the run-of-the-mine variety, were it not for a special defense alleging that the plaintiff, being an employee of the defendants, is limited in her remedy to that comprehended by the Workmen's Compensation Act.   By stipulation, the parties consented to submit to the jury only that phase of the case involving negligence, and, then, should the verdict be for the plaintiff, to permit the Court to determine the merit of the special defense upon an agreed set of facts, and to enter judgment accordingly.   If this procedure is novel, it is also desirable in that it will obviate the necessity of a new trial, should the appellate court disagree with the conclusions of the trier.

As the jury found for the plaintiff upon the issues referred to them, the plaintiff is entitled to judgment unless the agreed

facts involving the special defense preclude her right to recover at common law. These facts are as follows: The defendants were operating an inn located in Woodbury, known as the Curtis House. Regularly employing more than four employees, they had insured their full liability under part "B" of the Compensation Act with a stock company authorized to take such risks in the State of Connecticut. On June 1, 1937, at New York City, the plaintiff entered into a contract of service or employment with the defendants whereby she agreed to work for them at the Curtis House as a waitress at the stipulated wage of $20 a month, plus her board, room, and tips. The contract provided that the plaintiff was to start work on June 4th and that her pay was to begin on that date. It was further agreed that on June 3rd she would take the 8:30 a.m. train from New York, and upon her arrival at Waterbury one of the defendants would meet her at the station to take her to the Curtis House by automobile where she could get settled in order to be ready to begin work on the following day. She was to purchase her railroad ticket to Waterbury but the defendants were to reimburse her for this expenditure, although such refund was never paid by them or requested by her. She was assured that the work would be permanent in character, although no definite period of employment was agreed upon. None of the parties indicated any refusal to accept part "B" of the Compensation Act of the State of Connecticut.

Pursuant to the agreement, the plaintiff reached Waterbury by train at the appointed time and entered a station wagon belonging to the defendants for the purpose of being transported to the Curtis House. While on the way, the driver stopped for a moment at a bank and again at a laundry to pick up several bundles. Thereafter, an accident occurred due solely to the negligence of the driver of the automobile. The plaintiff was injured and $1,000 is fair compensation for her to receive in an action at law.

While the contract of employment was entered into at New York, it was to be performed wholly within Connecticut. Hence the Connecticut Compensation Act is applicable and governs the rights and liabilities of the parties. *Hopkins vs. Matchless Metal Polish Co.*, 99 Conn. 457. Counsel for the litigants have argued this case on the theory that the agreement of June 1st created the status of master and servant from that date and hence that the plaintiff was an employee of the

defendants, but her position is that she was not in the course of her employment when the stated accident occurred, because her pay and her work were not to begin until the following day.

It would seem that the position taken by the litigants concerning the contract is sound because the contract established the relationship between the parties and not the fact whether work had actually been commenced and the plaintiff had already become entitled to wages. *Wabnec vs. Clemons Logging Company,* 146 Wash. 469, 263 Pac. 592. Section 5223 of the General Statutes, Revision of 1930, defines an employee as any person who has entered into or works under any contract of service with an employer. An agreed fact is that on June 1st plaintiff entered into a contract of service with the defendants. From then on she was an employee but not necessarily within her employment.

Another view of the contract which might have been taken, at least by the plaintiff, is that it was a present agreement for future fulfillment and hence the plaintiff's status was not that of an employee until June 4th. But as will be pointed out, if it be conceded that she was not an employee on June 1st and June 2nd, she did assume that role when she began her transportation on the 3rd, a reasonable time essential for her to reach the locality of her duties, because she was then performing something incidental to her employment. On either theory as to the interpretation of the contract, the plaintiff was an employee at the time of the accident befalling her.

It is undoubtedly the general rule that employees whose area of employment is within defined limits are not regarded as in the course of their employment while going to and returning from work upon the public highways; nor do the risks incident to travel on such highways ordinarily arise out of their employment. This is so because the ordinary contract of employment of a workman to render service at a designated place does not cover his movements outside of that place. He uses the highways as the public uses them, because he must, and not because his employer by the terms or implications of his contract of employment has the right to require him to use them at the employer's will. *Lake vs. Bridgeport,* 102 Conn. 337, 342. This rule, however, is subject to many exceptions, of which several are classified in *Whitney vs. Hazard Lead Works,* 105 Conn. 512, 518. One of the exceptions is to be found when transportation is furnished by the em-

ployer under an express or implied condition of the contract of hiring, as was the fact in the instant case. The employment continues throughout the transportation in case the parties positively or inferentially so stipulate. *Pigeon vs. Lane,* 80 Conn. 237; *Swanson vs. Latham,* 92 id. 87; *Sala vs. American Sumatra Tobacco Company,* 93 id. 82; *Flanagan vs. Webster & Webster,* 107 id. 502. The cases cited by the plaintiff in opposition to this principle actually support or may easily be distinguished from it. *Roth vs. Adirondack Co.,* 183 N.Y.S. 717, 195 App. Div. 303; *Meo vs. Bloomgarden,* 261 N.Y.S. 279, 237 App. Div. 325; *Heitz vs. Ruppert,* 218 N.Y. 148, 153, 112 N.E. 750, 751; L.R.A. 1917A, 344; *Matter of Kowalek vs. New York Cons. R. R. Co.,* 229 N.L. 489, 492, 128 N.E. 888, 889; *Matter of Littler vs. Fuller Co.,* 223 N.Y. 369, 119 N.E. 554; *Van Gee vs. Korts,* 252 N.Y. 241, 169 N.E. 370.

The plaintiff was in a conveyance which her employer had expressly agreed to provide for her to reach the locality of her work. She was being transported by virtue of an express agreement of the contract made two days previously, which was "something added to the principal part of that contract (of hiring) as a minor, but none the less a real feature or detail of the contract." *Donovan's Case,* 217 Mass. 76, 78. All the prerequisites essential to place her within the course of her employment were present. The accident happened within the period of her employment, at a place where she might reasonably have been, and while she was reasonably fulfilling the duties of her employment or engaged in doing something incidental to it. *Larke vs. Hancock Mutual Life Ins. Co.,* 90 Conn. 303, 308. "If the employee is doing what his employment calls for, and doing it in the way he is expected by the employer to do it, then the injury arises in the course of the employment." *Stakonis vs. United Advertising Corp.,* 110 Conn. 384, 389.

Nor does the fact that her pay and actual work were to commence on the following day alter the conclusion. There is a distinction between the period of employment and of work. *Flanagan vs. Webster & Webster, supra,* at page 507; *Holmes vs. Great Northern Railway* (1900), 2 Q.B. 409, 83 L.T.R. 44, 2 W.C.C. 19.

Nor is it material that during her transportation the plaintiff was to receive no pay. Employment may exist before actual work begins. *Carter vs. Rowe,* 92 Conn. 82. "It is true," an excerpt runs in *Saba vs. Pioneer Contracting Co.,* 103 Conn.

559, at page 563, "that the actual employment of these workmen for stated pay did not begin until they arrived on the job and began work, but when an employee mounted the truck at the employer's direction to go to the job, in accord with the employer's contemplation of what his conduct would be in going to the place of the job, he came within the zone of his employment as contemplated by his employer. The mere fact that the time spent on the truck was not time for which, by his contract of employment, he was paid for, is immaterial, in view of the facts found." "The period of employment has sometimes been held to cover a period other than that for which wages are paid." *Larke vs. Hancock Mutual Life Ins. Co., supra,* at page 308. Passing by the question as to whether the plaintiff was an employee on June 1st and 2nd, it is apparent from the applicable principles of law that when she boarded the train at New York in conformity with an express term of her contract she was within the period of her employment. She was headed for the place of her future work a day in advance, which was reasonably necessary under the circumstances in order that she might have an opportunity to get settled and to look about in preparation for her tasks. *Wabnec vs. Clemons Logging Company, supra.*

The parties raise no question that if the accident occurred within the course of her employment it arose out of the employment.

Hence the plaintiff's remedy against these defendants is to receive the benefits of the Compensation Act. She cannot recover in an action at law.

Accordingly judgment may enter for the defenants