MARTHA SCHLICK, Plaintiff, *v.* NEW YORK DUGAN BROS., INC., Defendant.

City Court of New York, Special Term, Kings County, July 10, 1940.

*Max S. Mahler,* for the plaintiff.

*James J. Mahoney,* for the defendant.

HEARN, J.   Plaintiff purchased a jar of jam from the defendant; partook of the same and v a; injured because of the presence of some glass imbedded in the jam.   After a lapse of over three years, plaintiff commenced this action for personal injuries alleged to have been sustained by her as a result of this occurrence.   The complaint is predicated on the theory of breach of warranty. The answer denies the material allegations of the complaint and as a separate defense sets up the Statute of Limitations applicable to tort actions.   (Civ. Prac. Act, § 49, subd. 6.)

The motion is to strike out the separate defense on the ground that it is insufficient as a matter of law.   Plaintiff contends that since the complaint alleges a single cause of action for breach of warranty, a contract action, the six-year statute should apply. (Civ. Prac. Act, § 48.)

An examination of the law has failed to reveal any reported cases directly passing upon this question.   The language in the cases, however, seems to indicate that the rules applicable to tort actions apply to this situation.

An action to recover damages for personal injuries based on breach of warranty is only nominally based on contract. Essentially it is a tort action.   Thus where an action brought under section 130 of the Decedent Estate Law, which permits a suit for the wrongful act, neglect or default of the defendant, was based solely on a breach of warranty, the Court of Appeals in affirming a judgment for the plaintiff said: " The inquiry here is whether the breach of the implied warranty as alleged in the complaint, negligence being disclaimed, was a " wrongful act. neglect or default " within the meaning of the statute.   The answer depends wholly upon a solution of the question as to whether breach of the implied warranty in a case such as this, where personal injury to the person to whom the warranty is made results from the breach, is tortious in nature and effect and is due to the wrongful act or neglect or default of the person making and breaching the warranty."   This question was answered in the affirmative. (*Greco* v. *Kresge Co.,* 277 N. Y. 26, 31.)

Regardless of the form of the action, the liability sought to be enforced is for damages caused by negligence.   (*Schmidt* v. *Merchants Despatch Trans. Co.,* 270 N. Y. 287, 303.)

The usual rule of damages in a breach of contract action has not been applied in an action for breach of warranty.   A plaintiff may in such a suit recover for all personal injuries sustained by

him, just as if the action were in negligence. (*Ryan* v. *Progressive Grocery Stores*, 255 N. Y. 388.)

In the absence of any authority to assign to this action the attributes of a contract suit for the purpose of the Statute of Limitations, this court is of the opinion that the gist of the action is in tort, and, therefore, the three-year Statute of Limitations applies.

Motion is, therefore, denied.