ALBERT E. BUYERS et al., Plaintiffs, *v.* BUFFALO PAINT AND SPECIALTIES, INC., et al., Defendants.

Supreme Court, Special Term, Erie County, August 14, 1950.

*Harry L. Abt* and *James O. Moore* for Amherst Builders Supply & Coal Corporation, defendant.

*William J. Brock* and *Joseph H. Chirlin* for plaintiffs.

HALPERN, J. This action was brought to recover for the injury suffered by the plaintiffs on March 28, 1946, when their premises were damaged by fire. The complaint alleges two causes of action, the first, in contract and the second, in tort for negligence.

The first cause of action alleges that the defendant Amherst Builders Supply & Coal Corporation (hereinafter referred to as Amherst) sold the plaintiffs a waterproofing material known as " Ruf-Kote ", designed to be used as a coating for roofs and floors. It is alleged that the defendant Amherst warranted " Ruf-Kote " to be fit for the purpose for which it was intended and specifically warranted that it contained no coal tar. It is further alleged that it is necessary and customary to apply heat to products of this character in preparing them for application, and that when this was done in the usual and customary manner,

the product ignited and exploded, causing the fire which damaged the plaintiffs' buildings. The damage is alleged to have been due to a breach of the defendant Amherst's warranty. It is alleged that, contrary to the terms of the warranty, "Ruf-Kote" contained dangerous, inflammable and explosive materials which rendered it unsafe and dangerous for use for the purpose for which it was intended.

The second cause of action states substantially the same facts and adds that the defendant Buffalo Paint and Specialties, Inc. manufactured the product known as "Ruf-Kote" and sold it to the defendant Amherst which in turn sold it to the plaintiffs. It is alleged that both defendants knew, or should have known, of the dangerous and inflammable nature of Ruf-Kote and should have given warning thereof. Recovery is sought against both defendants on the ground of negligence.

The action was instituted by the service of a summons upon the defendant Buffalo Paint and Specialties, Inc. within three years after the date of the fire. However, the summons was served upon the defendant Amherst on March 29, 1949, which was one day after the expiration of three years from the date of the occurrence.

The defendant Amherst moved to dismiss the complaint upon the ground that both causes of action were barred by the three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 7). It was conceded, upon the argument that the second cause of action is barred, but the plaintiffs insist that the first cause of action is governed by the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 1) as an action in contract.

The question here presented is a novel one. It grows out of the fact that by chapter 558 of the Laws of 1936, sections 48 and 49 were amended so as to reduce the period for the bringing of an action for damages for an injury to property from six years to three years. Formerly, such an action was maintainable within six years after the accrual of the cause of action and since this period was identical with the period provided for contracts not under seal, no occasion arose for drawing a distinction between an action on a simple contract and an action to recover damages for an injury to property.

It will be noted that the statute does not draw a distinction in terms between actions in contract and actions in tort. The three-year statute is in terms applicable to actions "for damages for an injury to property". It does not matter whether the action is brought in contract or in tort.

" The form of the action, whether *ex contractu,* as claimed to be the case here by appellant's counsel, or *ex delicto,* does not affect the case under this statute ". (*Webber* v. *Herkimer & Mohawk St. R. R. Co.,* 109 N. Y. 311, 314.)

" Our ruling is not to rest on the term to be given the cause of action under common-law nomenclature, whether *ex delicto* or *ex contractu* * * * if the ' gravamen of the action and foundation of the claim ' are ' to recover damages for a personal injury resulting from negligence ' (See Civ. Prac. Act, § 49, subd. 6) [it is necessary] to enforce the statutory prescription against the maintenance of the action, whether in form it be brought *ex contractu* or *ex delicto."* (*Hermes* v. *Westchester Racing Assn.,* 213 App. Div. 147, 148.)

" [I]n applying the Statute of Limitations we look for the reality, and the essence of the action and not its mere name." (*Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259, 264.)

In deciding whether the statute with respect to injury to property is applicable, " not the origin of the liability, but the character of the loss " is determinative (*Schiavone-Bonomo Corp.* v. *Buffalo Barge Towing Corp.,* 132 F. 2d 766, 768, rehearing denied 134 F. 2d 1022, certiorari denied 320 U. S. 749).

If the action is essentially one to recover damages for an injury to property, the three-year statute is applicable, even though the legal duty which is alleged to have been breached had its origin in a contract. It is true that under such circumstances, the plaintiff may, at his option, sue either in contract or in tort. For example, he may bring his action in a court which has jurisdiction only over contract actions (*Busch* v. *Interborough Rapid Tr. Co.,* 187 N. Y. 388) but, for the purpose of prescribing the period of limitation, the statute cuts across the distinction between tort and contract, and subjects all actions for injury to property to a three-year period of limitation.

There can be no question but that this is an action for " damages for injury to property ", as that term is commonly understood. It is an action for consequential damages to property alleged to have resulted from a breach of warranty. It is not an action merely for restitution of the contract price, nor is it an action for money had and received, to which the six-year contract statute might apply.* Neither is it an action for expenses paid or incurred in misreliance upon the contractual

---

* See *Gottfried* v. *Gottfried,* 269 App. Div. 413, but see *contra, Loughman* v. *Town of Pelham,* 126 F. 2d 714, and *Bernstein* v. *N. V. Nederlandsche-Amerikaansche S. M.,* 76 F. Supp. 335 (mod. on other grounds and point left open, 173 F. 2d 71), criticized in 35 Corn. L. Q. 797.

promise, to which the six-year statute has been held to be applicable (*Conklin* v. *Draper*, 229 App. Div. 227, affd. on another point, 254 N. Y. 620).

A question similar to the one here presented has frequently arisen with respect to actions for personal injuries. Actions for personal injury (other than the intentional torts, assault, battery, defamation, and the like, which are subject to the one-year and two-year statutes) are generally governed by the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 3) but an action for damages for personal injury resulting from negligence must be brought within three years (Civ. Prac. Act, § 49, subd. 6).

Plaintiffs in personal injury negligence actions have repeatedly sought to avoid the effect of the three-year Statute of Limitations by bringing their actions in contract, alleging that the defendant's failure to exercise care constituted the breach of a contract between the parties. In every instance, the attempt to bring the case within the six-year statute applicable to contract actions has been rejected (*Webber* v. *Herkimer & Mohawk St. R. R. Co.*, supra; *Hermes* v. *Westchester Racing Assn.*, supra; *Loehr* v. *East Side Omnibus Corp.*, 259 App. Div. 200, affd. 287 N. Y. 670). In each of these cases, the court held that the action was one for personal injury resulting from negligence within the meaning of the Statute of Limitations, even though the theory of the complaint was that the defendant had breached a contract requiring him to exercise care.

It may well be that in a case in which the contract imposed an absolute duty and not merely a duty to exercise care, the six-year Statute of Limitations applying to actions for injuries to person due to causes other than negligence would govern (Civ. Prac. Act, § 48, subd. 3). Thus, if it were alleged that a personal injury was due to a breach of warranty under which the warrantor in effect insured the safety or effectiveness of his product, it may well be that the six-year statute would be applicable (*Niehaus* v. *Caryfield, Inc.*, 240 App. Div. 144, but see *Schlick* v. *New York Dugan Bros.*, 175 Misc. 182, holding that the three-year statute for negligence actions is nevertheless applicable, criticized in 54 Harv. L. Rev. 516; cf. *Schmidt* v. *Merchants Despatch Transp. Corp.*, 270 N. Y. 287 *). However,

---

* The *Schmidt* case dealt with an action by an employee against an employer for personal injuries (not covered by the Workmen's Compensation Law as it then read). The complaint contained several counts, among them, one in contract, charging that the defendant had breached an absolute duty assumed by contract to furnish a safe place to work and safe equipment. The Court of

even if it were assumed that such an action was subject to a six-year period of limitation, the six-year period would be the one found in subdivision 3 of section 48 dealing with actions for unintentional personal injury due to causes other than negligence rather than the contract provision contained in subdivision 1 of section 48. The action would still be one for personal injuries, notwithstanding the fact that the action might have been brought in contract.

In this connection, it should be borne in mind that there is no statutory provision for a six-year period for actions for property damage due to causes other than negligence. Subdivision 7 of section 49 is all embracing and applies to all actions to recover damages for injury to property, whether the wrong charged against the defendant consisted of a breach of a duty to exercise care or the breach of a duty of an absolute character.

The majority view prevailing in other jurisdictions with respect to actions for personal injuries is in accord with the New York cases. The cases are collected in two annotations (1 A. L. R. 1313 and 157 A. L. R. 763).

I believe that the principle laid down in the personal injury negligence cases is controlling here. The courts there held that an action for a breach of contract resulting in personal injuries was an action for personal injuries within the meaning of the Statute of Limitations. It must likewise be held here that an action for consequential damages to property, whether the action is brought in contract or in tort, is an action for injury to

---

Appeals apparently refused to take these allegations of the complaint literally, holding that the action was really one for negligence, governed by the three-year statute (p. 302). (See to the same effect, *Speziale* v. *National Brass Mfg. Co.*, 246 App. Div. 678, criticized in 63 Harv. L. Rev. 1177 at p. 1194.) In accordance with the principle laid down in the earlier cases, the court rejected the contention that the action was governed by the six-year contract period (Civ. Prac. Act, § 48, subd. 1). It is suggested above that, if the court had accepted as literally true the allegation that the defendant had breached an absolute duty assumed by contract, the court would have held the six-year statute for personal injuries due to causes other than negligence (Civ. Prac. Act, § 48, subd. 3) to be applicable.

The court did uphold another count of the complaint, charging a violation of an absolute duty imposed by the Labor Law, and held that it was governed by the six-year period provided for liabilities created by statute (Civ. Prac. Act, § 48, subd. 2). This period coincides with the six-year period provided for personal injuries due to causes other than negligence found in subdivision 3 of section 48. In resting its decision on subdivision 2 rather than subdivision 3, the court made the source of the liability, rather than the nature of the injury suffered, determinative of the applicable statute, but with respect to actions for injury to person or property, this seems to be a special rule applicable only to liabilities created by statute, a category which may be said to cut across the other categories of the Statute of Limitations.

property within the three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 7).

Counsel for both parties have referred to cases dealing with third-party beneficiary contracts under which recovery was sought for damage to property. In those cases, the defendant had expressly agreed to pay the amount of any damage which might be caused to third parties by the defendant's conduct. Typical of contracts of this character are the provisions of public construction contracts requiring the contractor to repair any damage caused by blasting or to pay the cost of making such repairs. In such cases, the action is not brought for damages for injury to property, but for breach of an express promise to pay the amount of the damage. It may well be that such an action is governed by the six-year contract period. It was so held in two Special Term decisions cited by the plaintiffs. (*Lewis* v. *Dunbar & Sullivan Dredging Co.*, 178 Misc. 980; *Confreda* v. *George H. Flinn Corp.*, 68 N. Y. S. 2d 925.) A contrary result was reached in *Hayunga Holding Corp.* v. *Rodgers & Hagerty, Inc.* (82 N. Y. S. 2d 340, affd. without opinion, 248 App. Div. 570 [1st dept.]) in which the court held that the statute governing actions for injury to property (then six years) was applicable, rather than the statute governing actions upon sealed contracts (then twenty years). No choice need be made between these conflicting views. They are not in point here because they deal with a situation wholly different from that now before the court. Here, it is not claimed that there was a contract containing an express promise to pay the amount of the plaintiffs' damage; rather, it is claimed that there was a contract warranting the quality of the product sold by the defendant, the breach of which caused injury to the plaintiffs' property. Such an action is clearly an action to recover damages for injury to property within the meaning of subdivision 7 of section 49 of the Civil Practice Act.

There remain for consideration two points of statutory construction which are urged by the plaintiffs in support of their position. Subdivision 7 of section 49, prescribing the three-year period of limitation for damages for injury to property concludes: " except in the case where a different period is expressly prescribed in this article."

The plaintiffs argue that the quoted clause is meant to refer to cases in which the injury grew out of a breach of contract and that the clause in effect constitutes a cross reference to the six-year period of limitation for contract actions provided in subdivision 1 of section 48. However, it is to be noted that the

exception clause refers only to a different period which is "expressly prescribed in this article." Subdivision 1 of section 48 does not expressly refer to actions for damages to property, or to any class thereof, and therefore it cannot be said to "expressly" prescribe a different period for any class of such actions.

The quoted clause is obviously patterned after subdivision 3 of section 48 which provides a six-year Statute of Limitations for an action to recover damages for personal injury "except in a case where a different period is expressly prescribed in this article." A different period is expressly prescribed for various classes of actions for personal injury in sections 49, 50 and 51. In subdivision 6 of section 49, a three-year period is expressly prescribed for injuries resulting from negligence.

Similarly, the exception clause in subdivision 7 was intended as a cross reference to subdivision 6 of section 49, dealing with actions for injury to property resulting from negligence. Curiously, that subdivision prescribes exactly the same period, three years, as is prescribed in subdivision 7. Since subdivision 7 is all-embracing, subdivision 6 is redundant (*Schiavone-Bonomo Corp.* v. *Buffalo Barge Towing Corp., supra,* 132 F. 2d 766, 767).

The legislative history furnishes an explanation, although not a justification, of the redundancy. Both the amendment to subdivision 6 and the addition of subdivision 7 were effected by the adoption of chapter 558 of the Laws of 1936. As originally introduced (Senate Introductory 1421, Print 1672, of the 1936 Session of the Legislature), the bill provided only for the reduction from six years to three years of the period for actions for damages to property resulting from negligence. This was accomplished by inserting the words "an injury to property" in subdivision 6 of section 49, so that it would apply both to actions for injury to property and actions for injury to person resulting from negligence. Section 2 of Print 1672 provided that the act was to apply "to all causes of action for damages to property resulting from negligence".

Subsequently, the bill was amended so as to add subdivision 7, prescribing a three-year period for all actions for injury to property (Senate Print 2646). Print 2646 provided in section 2 that the act "shall apply to all causes of action for damages to property". This is the form in which the bill was finally adopted. Apparently, after it was decided to extend the bill to cover all actions for damages to property, the draftsman overlooked the fact that the specific provision governing actions resulting from negligence was no longer necessary and that an

exception clause referring to that specific provision was also unnecessary. The surplusage left in the bill by inadvertence should not be given an artificial meaning but should be disregarded (*Matter of Carter* v. *Kalamejski*, 255 App. Div. 694, 699, affd. 280 N. Y. 803). In any event, it is clear that the exception clause was not intended to introduce a new rule making the contract limitation applicable to an action for damages for an injury to property, merely because the action was brought in contract.

The plaintiffs also rely upon the definition of injury to property in section 25-a of the General Construction Law, which reads as follows: " ' Injury to property ' is an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract."

The plaintiffs argue that the words, " injury to property ", as used in subdivision 7 of section 49 of the Civil Practice Act are controlled by this definition and that, by virtue of the definition, any injury which grows out of a breach of contract is excluded. The defendant counters by arguing that the definition is not applicable to the Civil Practice Act, citing *Schiavone-Bonomo* v. *Buffalo Barge Towing Corp.*, 132 F. 2d 766, *supra*). In that case, the United States Court of Appeals for the Second Circuit pointed out that section 101 of the General Construction Law provides that " the Consolidated Laws shall not be deemed to amend, repeal or otherwise affect " the Civil Practice Act, the Penal Law, or the Code of Criminal Procedure. The court therefore concluded that the definition in section 25-a did not apply to the Civil Practice Act, even though it had been transferred, in the general practice revision of 1920, to the General Construction Law from section 3343 of the Code of Civil Procedure, where it applied specifically, and indeed exclusively, to the Code provisions. The court recognizes that this result is a " curious " one, being directly contrary to the apparent intention of the Legislature. I do not believe that it is a necessary result.

It should be noted that section 110 of the General Construction Law, not referred to by the court, provides that: " This chapter is applicable to every statute unless its general object, or the context of the language construed * * * indicate that a different meaning * * * was intended ". This section, standing by itself, makes the definitions in the General Construction Law applicable to the Civil Practice Act, but the difficulty remains that the General Construction Law is part of the Consolidated Laws and section 101 says that the Consolidated Laws shall not " affect " the Civil Practice Act.

Section 101 should have been amended when the definitions formerly contained in the Code of Civil Procedure were transferred in 1920 to the General Construction Law, so as to avoid this conflict. This was proposed in the Report of the Board of Statutory Consolidation (Vol. 5, p. 387 [1919]) but it was apparently overlooked or thought to be unnecessary by the Joint Legislative Committee, which made the final revision. However, in view of the provisions of section 110 and the stated intention of the revisers merely to transfer the definitions from the Code to what they considered to be a more appropriate place (Report of Joint Legislative Committee on Simplification of Civil Practice, N. Y. Legis. Doc., 1919, No. 111, p. 34), the definitions must still be held to be controlling in the interpretation of the Civil Practice Act. This result can be reconciled with the language of section 101 in two ways: first, by holding that section 101 does not refer to the definitions contained in the General Construction Law, but refers rather to the other chapters of the Consolidated Laws (see General Construction Law, § 110 and see Report of Board of Statutory Consolidation, 1907; Vol. II, p. 2157) and second, by holding that, where a definition had formerly been contained in the Code and had fixed the meaning of certain of its provisions, the meaning of such provisions remained unchanged despite the transfer of the definition to the General Construction Law.

The question remains, however, as to what the definition in section 25-a of the General Construction Law means. Superficially read, the definition gives strong, if not conclusive, support to the plaintiffs' position but, upon analysis, it will be found that it does not really touch the problem here presented.

There was no need for any reference to breach of contract in the definition of " injury to property ", except for the fact that the definition began with a broad statement that an " injury to property " included any actionable act, whereby the estate of another was lessened. If left unqualified, this statement would have embraced wrongs of every kind, including ordinary breaches of contract, since such breaches cause the lessening of the estates of the persons affected thereby. It was therefore necessary to add the words " other than  *  *  *  the breach of a contract " in order to exclude ordinary contract actions, such as actions for breach of a contract to pay a sum of money. The exclusionary words must be read as referring to actionable wrongs which constitute solely breaches of contract and which do not have any tortious aspect.

The exclusionary words cannot reasonably be read as excluding from the term " injury to property ", a wrong which con-

stitutes both a tort and a breach of contract. If they were so read, in accordance with the plaintiffs' contention, there would be no Statute of Limitations specifically applicable to an action *in tort* for an injury to property which also constituted a breach of contract. Under this reading, such an action would be excluded from the term " injury to property " as used in subdivision 7 of section 49 of the Civil Practice Act by virtue of the definition and it would not come under any other specific provision of the Statute of Limitations. It would be subject only to the ten-year period provided in the catch-all section (Civ. Prac. Act, § 53). It is thus apparent that the plaintiffs' argument proves too much.

The only reasonable construction of section 25-a which is consistent with the use in the Statute of Limitations of the term " injury to property " as the name of a specific and meaningful category, is that suggested above, namely, that the exclusionary words merely have the effect of excluding from the term " injury to property " actions for financial loss caused by wrongs which constitute solely breaches of contract and which do not have any tortious aspect.

An action for consequential damages for breach of a warranty of quality is clearly not an action wholly devoid of tortious aspects. All actions for breach of warranty were originally actions on the case for deceit. Subsequently, after the development of the action of assumpsit, an action for breach of warranty came to be recognized as one in contract (3 Holdsworth's History of English Law, pp. 407–408, 428–429; 1 Street on Foundations of Legal Liability, pp. 389–390). However, " even today, an action for breach of warranty is, in some respects, an action in tort " (*Greco* v. *Kresge Co.*, 277 N. Y. 26, 33). The action is, in substance, based upon a representation of fact by the warrantor. He may be held liable for the falsity of the representation, without the showing of " an actual agreement to contract ". " The obligation of the seller in such a case is one imposed by law, as distinguished from one voluntarily assumed. It may be called an obligation either on a *quasi*-contract or a *quasi*-tort, because remedies appropriate to contract and also to tort have been applicable." Recovery may be had without showing " fraud on the part of the seller or knowledge on his part " that the representation is untrue (Williston on Sales [Rev. ed.], § 197, p. 507). " The distinction between torts and breaches of contract is, ofttimes, so dim and shadowy that no clear line of delineation may be observed " (*Greco* v. *Kresge Co., supra,* pp. 33–34).

Where the plaintiff seeks to recover damages in accordance with the normal measure of damages for breach of warranty, that is, " the difference between the value of the goods at the time of the delivery to the buyer and the value they would have had if they had answered to the warranty " (Personal Property Law, § 150, subd. 7), the action is strictly one in contract. Where, however, he seeks to recover consequential damages for an injury to person or property, in accordance with the principle of *Ryan* v. *Progressive Grocery Stores* (255 N. Y. 388) the damages sound in tort. The tortious nature of the breach of warranty is then dominant and characterizes the action (*Greco* v. *Kresge Co., supra*). This is true, even though the action is brought in form for breach of contract (Williston, § 212-a).

In view of the tortious nature of an action for consequential damages for breach of warranty, it is clear that section 25-a of the General Construction Law does not exclude such an action from the scope of the term " injury to property ".

This conclusion is supported by the statutory history of section 25-a. The Statute of Limitations using the terms " personal injury " and " injury to property " originated in the Code of Remedial Justice (L. 1876, ch. 448) drafted by the Board of Commissioners to Revise the Statutes, headed by M. H. Throop (see Code, § 382, from which Civ. Prac. Act, §48, was derived). The title of the Code of Remedial Justice was changed to the Code of Civil Procedure by chapter 416 of the Laws of 1877. A so-called Temporary Act was enacted by chapter 449 of the Laws of 1876, explaining and defining the terms used in the Code. This temporary act set forth the definitions of " injury to property " and " personal injury ", substantially in the language in which they now appear in sections 25-a and 37-a of the General Construction Law (see Temporary Act, § 2, subds. 8, 9). The definitions subsequently became part of section 3343 of the Code of Civil Procedure, as completed and revised by chapter 178 of the Laws of 1880, and were later transferred to the General Construction Law (L. 1920, ch. 917).

Throop's note to section 382 states: " The expressions ' personal injury ' and ' injury to property ' are so defined in section 2 of the temporary act, as to include every wrongful act for which an action will lie, except the breach of a contract." It was apparently the intention of the commissioners to embrace in a single statement all wrongs for which an action at law might be brought. The difficulty with their statement was that the categories which they used were, to a large extent, overlapping. The first two categories used by the commissioners, " injury to person " and " injury to property ", refer to the

nature of the physical damage, whereas, the third category, "breach of contract" refers to a ground of liability. It seems to me that the only solution of the difficulty is that suggested above, that the term "breach of contract" as used in the commissioners' definition, must be deemed to refer only to ordinary breaches of contract for which the normal direct damages are sought, and not breaches which involve consequential damages to person or property. This is the only way to reconcile the use of the term in the definition with the sections proposed by the commissioners, undertaking to prescribe the periods of limitation upon the basis of the nature of the injury suffered, as an injury to person or an injury to property.

It should also be noted that, according to Mr. Throop's statement, the exclusion of "breaches of contract" refers alike to the definitions of personal injury and injury to property, although, in the statute itself, the definition of "injury to property" was made the catch-all section and hence the exclusionary words appear there. A common result must therefore be reached as to the effect of these exclusionary words upon actions for personal injury and actions for injury to property. It is authoritatively settled in this State that actions for personal injuries are governed by the provisions of the Statute of Limitations in terms applicable to such injuries, whether the actions are in tort or for breach of contract. It must likewise be held that actions for consequential damages to property are governed by the Statute of Limitations expressly applicable to such injuries, regardless of the form of the action.

The plaintiffs finally suggest as an alternative ground for upholding the complaint that the action is brought to recover upon a liability created by statute within the meaning of subdivision 2 of section 48 of the Civil Practice Act. This suggestion is wholly without merit. The action is not converted into one upon a liability created by statute merely because the principles of law upon which it is based have been codified in the Personal Property Law. A liability is not one created by statute within the meaning of subdivision 2 of section 48 of the Civil Practice Act, unless it is a liability which would not have existed but for the statute (*Shepard Co.* v. *Taylor Pub. Co.,* 234 N. Y. 465; *Schmidt* v. *Merchants Despatch Trans. Corp.,* 270 N. Y. 287, *supra*).

The motion of the defendant Amherst is granted and the complaint dismissed upon the ground that the action is barred by the three-year Statute of Limitations.

Submit order accordingly.