Cooke, J.
To be determined on this appeal is the Statute of Limitations appropriate to an action brought by an employer against an employee for money allegedly received by the latter in violation of his duty of loyalty to the former.
The complaint alleges that defendant, a senior contract specialist in the corporate realty department of plaintiff Western Electric Company, had among his duties the initiating and negotiating of contracts and business arrangements. It further alleges that, by virtue of his employment with Western Electric, defendant was instrumental in securing the award of a 1971 contract to the J. L. Williams Company to construct a building at Warrenville, Illinois, for lease by Western Electric. In consideration of his efforts in obtaining that award, it is alleged that defendant demanded payment to him by the J. L. Williams Company of $50,000 which he received in two installments of $25,000 each, one in August and the other in December of 1971. Western Electric asserts that by virtue of defendant’s position with the company, it was entitled to place reliance and trust in the integrity, competence, honesty and fidelity of defendant in respect to the duties which he owed Western Electric and that such duties and obligations were breached by reason of defendant’s aforedescribed conduct.
The complaint sets forth two causes of action. Paragraph "SEVENTEENTH” of the first provides "That by virtue of the breach of Defendant’s duties of faithfulness and trust owing to Western Electric his receipt of the aforesaid payment deprived *293 Western Electric of such amount which rightfully belonged to it and Defendant must be deemed to have received said payment in trust on behalf of Western Electric.” Paragraph "TWENTIETH” of the second talks of restitution: "That the breach by Defendant of his obligations to Western Electric has occasioned Western Electric damage in the amount of $50,000 and Defendant should be compelled to make restitution in said amount.”
On his motion to dismiss, defendant argued that plaintiff’s cause of action is based upon tortious conduct for which the Statute of Limitations is three years and that this action, commenced in May of 1975, is time-barred. In denying that motion, Special Term accepted plaintiff’s argument that the basis of the complaint was defendant’s breach of his contract of employment and of the duties of trust and loyalty which flowed therefrom. Taking this view, plaintiff’s action was commenced well within the six-year limit. The Appellate Division affirmed, agreeing that the complaint sounds in contract, not in tort, but certified to this court the following question: "Was the order of the Supreme Court, as affirmed by this Court, properly made?”
The answer to the question posited is, in a word, yes. Contract, not tort, forms the basis of plaintiff’s causes of action.
While both parties agree that it is the gravamen or essence of the cause of action that determines the applicable Statute of Limitations (Brick v Cohn-Hall-Marx Co., 276 NY 259, 264; Corash v Texas Co., 264 App Div 292, 295), they differ in their analysis of the nature or essence of the claim. Defendant, citing section 25-b of the General Construction Law, contends that the cause of action is one for wrongful injury to property and thus governed by the three-year limitation of CPLR 214 (subd 4). Section 25-b of the General Construction Law, however, which provides that " 'Injury to property’ is an actionable act, whereby the estate of another is lessened”, specifically excepts from its definition injuries to property brought about by "the breach of a contract”. In support of a narrow reading of that exception, defendant cites Buyers v Buffalo Paint & Specialities (199 Misc 764). In Buyers, the court sought to determine whether two causes of action, one for breach of warranty and the other for negligence, were barred by the three-year Statute of Limitations. A key factor there was that the plaintiff sought, not "restitution of the contract price”, but *294 consequential damages for the injury to its buildings when the product, "Ruf-Kote”, manufactured by defendant and applied to the buildings by plaintiff, ignited and exploded. The Buyers court accepted the reasoning that "the term 'breach of contract’ * * * must be deemed to refer only to ordinary breaches of contract for which the normal direct damages are sought, and not breaches which involve consequential damages to person or property” and held "that actions for consequential damages to property are governed by the Statute of Limitations expressly applicable to such injuries, regardless of the form of the action” (199 Misc, at p 776). The holding in Buyers, however, was effectively overruled in Blessington v McCrory Stores Corp. (305 NY 140, 147) with this court’s recognition that an action for breach of an implied warranty of fitness for use may be related to, but is independent of, an action in negligence. Moreover, it is not the relief sought which is determinative but, rather, it is the underlying nature of the claim (Corash v Texas Co., supra, at p 297).
The situation in the instant case is also quite dissimilar from those in cases cited by defendant involving causes of action which stem from the breach of a defendant’s duty to use due care. In those cases the gravamen of the action is negligence and the claim is governed by the three-year period of CPLR 214 (see McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 213:2, p 326; 214:4, pp 428-429; see, e.g., Alyssa Originals v Finkelstein, 22 AD2d 701, affd 24 NY2d 976; Carr v Lipshie, 8 AD2d 330, 331, affd 9 NY2d 983).
Here, as plantiff argues, the basis of the lawsuit stems from a wrong resulting from defendant’s breach of his duty of loyalty as an employee. Absent the relationship between the parties, there would be no duty to be breached, no wrong, and, thus, no cause of action. In Bravo Knits v De Young (35 AD2d 932, 933), where the issue was the arbitrability of a claim such as this, that court commented: "Bearing in mind that the contract is one of employment and that the claims are that this defendant transgressed against the duties of loyalty inherent in the employer-employee relationship, it is clear that the controversy arises out of and relates to the contract which is the genesis of the relationship and the consequent duty. It is of no moment that the causes of action are framed in commercial tort.”
*295 The employer-employee relationship is one of contract, express or implied (Meo v Bloomgarden, 237 App Div 325, 327, app dsmd 262 NY 72) and, in considering the obligations of one to the other, the relevant law is that of master-servant and principal-agent (see 9 Williston, Contracts [3d ed], § 1012, p 13; Restatement, Agency 2d, § 2, Comment a, subd d). Fundamental to that relationship is the proposition that an employee is to be loyal to his employer and is "prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties” (Lamdirt v Broadway Surface Adv. Corp., 272 NY 133, 138). Clearly, an employee must not seek to acquire indirect advantages from third persons for performing duties and obligations owed to his employer (9 Williston, Contracts [3d ed], § 1014C, p 72). Drawing again on the law of agency, it is likewise basic that absent an agreement otherwise, an employee who makes a profit or receives a benefit in connection with transactions conducted by him on behalf of his employer is under a duty to give such profit or benefit to his employer, whether or not it was received by the employee in violation of his duty of loyalty (see Restatement, Agency 2d, §§ 388, 403). As here, when such benefit is not turned over, the employer has a choice of remedies, one among them being an action for restitution (see Restatement, Agency 2d, § 421A, Comment on Clause [c]). Moreover, any compensation secretly or improperly received from others beyond the compensation to which the employee is entitled is deemed to be held by him on a constructive trust for his employer (9 Williston, Contracts [3d ed], § 1015, p 84). To be sure, the fact that alternative remedies sound in tort, does not change the nature of this claim, which is essentially contractual.
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed, etc.