YARRUT, Judge.
This appeal is from a judgment of the District Court maintaining a plea of prescription of one year to a suit filed August 23, 1960 by Plaintiffs, following the purchase of a bottle of finger nail polish remover which, they allege, exploded on February 22, 1958, and caused personal injuries to the wife, as well as property damage and medical expenses to the community.
Plaintiffs are husband and wife. Defendants are the retailer, S. H. Kress & Co., and the manufacturers of the bottled polish, and their liability insurer.
Plaintiffs allege the polish remover was purchased by the wife on February 20, 1958, which was represented to be a chemical compound manufactured and intended for use solely in removing finger nail polish by dissolving it; that the polish remover was resting on a shelf over a wash basin in their home when, about 3:00 o’clock a. m., February 22, 1958, the bottle exploded while the wife was leaning over the wash basin; that the explosion caused the contents to ignite and to spray upon both of her legs, causing severe burns and excruciating pain and suffering; and that the explosion resulted solely from the manufacturers’ and retailer’s failure to notify the wife of its explosive character, which was a breach of contract, for which Defendants are liable for the injuries they suffered. Plaintiffs further allege that no heater or open fire was in the bathroom at the time, nor was the wife, nor anyone else, smoking in the bathroom.
Plaintiffs contend that, as this was a breach of a contract of sale, the prescription is ten years and not one year.
10 LSA-C.C. Arts. 2534, 2545 and 2546, fix the liability of a seller of defective goods, including damages therefor, and the time in which suit may be brought thereon, at one year running, at the latest, from the date of discovery of the defects. Crowley Grain Drier, Inc. v. Fontenot, La.App., 132 So.2d 573, 577; Walton v. Katz & Besthoff, Inc., La.App., 77 So.2d 563; Bresler v. Nugent, La.App., 134 So.2d 694; Sterbcow v. Peres, 222 La. 850, 64 So.2d 195; Lloyd v. Pan Air Corporation, La.App., 139 So.2d 1.
As this suit was brought more than 18 months after the alleged damage occurred, the district court was correct in maintaining the plea of prescription of one year.
For the reasons herein assigned, the judgment of the district court is affirmed; Plaintiffs-Appellants to pay costs in both courts.
Affirmed.