92 N.J. Super. 315 (1966)
223 A.2d 284
LOUIS RASKIN, PLAINTIFF-RESPONDENT,
v.
SHULTON, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1966.
Decided October 17, 1966.
Before Judges GAULKIN, LEWIS and LABRECQUE.
*316 Mr. John R. Kingsland argued the cause for appellant (Mr. John W. Taylor, attorney).
Mr. Jacob E. Max argued the cause for the respondent (Messrs. Max & Koenig, attorneys).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Plaintiff's complaint, filed December 13, 1963, alleged that "prior to August 1961" he purchased defendant's products; that in making said purchase and using the products he relied upon the "expressed and implied warranties of the defendant * * * as to the fitness * * * for the use thereof and for which it was intended"; that in violation of said warranties the products were not fit for use, and that plaintiff used the products and was injured. In answers to interrogatories plaintiff admitted that his injuries developed prior to October 31, 1961. Defendant moved to dismiss the complaint on the ground that it was barred by the two-year statute of limitations, N.J.S. 2A:14-2. The trial court denied the motion, holding that the six-year statute, N.J.S. 2A:14-1, applied since the action was for breach of contract. We granted leave to appeal and we reverse.
It must be noted that the issues in this case are not affected by the Uniform Commercial Code. N.J.S. 12A:2-725 specifically provides that the Code's statute of limitations does not apply to causes of actions which accrued before its effective date, January 1, 1963. Therefore, we express no opinion as to the effect of the Code upon N.J.S. 2A:14-2 and the New Jersey cases hereafter mentioned. We decide this case without reference to the Code.
The view of most American jurisdictions is that "an action to recover for personal injuries is, in essence, a personal injury action, and, regardless of whether it is based upon an alleged breach of an implied warranty or is based upon an alleged tort, the limitations statute governing actions for personal injuries is controlling." Annotation, "What statute *317 of limitations governs cause of action for personal injuries against retailer, manufacturer, and the like based on breach of implied warranty," 37 A.L.R.2d 703, 704 (1954).
New Jersey has followed the majority rule. The question was first raised in a medical malpractice case, Weinstein v. Blanchard, 109 N.J.L. 332 (E. & A. 1932), which involved the substantially identical forerunner of N.J.S. 2A:14-2. The court there stated:
"The fourth count is based upon a claim for damages arising out of injury to the person by reason of the failure of defendant to properly perform the alleged contract to operate upon and treat plaintiff, and claiming like damages. * * * With respect to [this count] the question depends on whether or not the third section of the statute of limitations (3 Comp. Stat., p. 3164) applies to all actions that may arise from the injury, where the injury complained of is a personal injury, whether they are brought in tort or in contract.
We are constrained to think that it does. * * *
* * * to yield to the plaintiff's contention, namely, that the longer period of limitation applies, `would be to permit a plaintiff to sue in tort within two years, or to frame his action in contract upon the same facts and thus gain four years.' Such would not be a reasonable construction of the third section of our statute, for therein the Legislature made no distinction whatsoever between torts and contracts. It deals with injuries to persons resulting from the wrongful act, neglect or default of another. Whether framed in tort or in contract, what gives rise to the action? Unskilled treatment. And, so, whether the duty arises through law, the common law, or whether the duty arises out of a contractual relationship, is immaterial so far as the limitation of the action is concerned." (at pp. 333-334, 338-339).
Weinstein was approved and followed by the Supreme Court in Burns v. Bethehem Steel Co., 20 N.J. 37 (1955). The court there said that Weinstein was "in conformity with the great weight of authority which refuses to permit the results of litigation to turn on distinctions between various forms of action." See also Rex v. Hutner, 26 N.J. 489 (1958); Tackling v. Chrysler Corp., 77 N.J. Super. 12 (Law Div. 1962); Tomlin v. Hildreth, 65 N.J.L. 438, 445 (Sup. Ct. 1900); Oroz v. American President Lines, Ltd., 259 F.2d 636 (2 Cir. 1958), certiorari denied 359 U.S. 908, 179 S.Ct. 584, 3 L.Ed.2d 572 (1959).
*318 The plaintiff relies upon Simon v. Graham Bakery, 17 N.J. 525 (1955), but in that case the Supreme Court expressly avoided the question here involved.
Plaintiff cites also Blessington v. McCrory Stores Corp., 305 N.Y. 140, 111 N.E.2d 421, 37 A.L.R.2d 698 (Ct. App. 1953), but that case turned upon a New York statute different from ours. The six-year limit under section 48 (1) of the Civil Practice Act (C.P.A.), the statute involved in Blessington, was for actions "upon a contract obligation or liability express or implied." The three-year period governed by section 49 (6) of that statute covered actions "to recover damages for an injury to property or a personal injury resulting from negligence" (emphasis added). The cause of action pleaded in Blessington was not based on negligence but on breach of warranty, and Blessington held that section 48(1) governed. We note that, after Blessington, when the C.P.A. was replaced by the Civil Practice Law and Rules, section 214 of the new act placed a three-year limitation on actions "to recover damages for a personal injury except as provided in section 215." Section 215 deals with intentional torts, libel and slander. The Legislative Studies and Reports appended to the act stated, at page 313, that by said section 214 "The negligence limitation is deleted; all actions for personal injury are thus subject to a three-year period except those covered in section 215. * * *."
At the oral argument plaintiff cited Public Administrator of New York County v. Curtiss-Wright Corp., 224 F. Supp. 236 (S.D.N.Y. 1963), for the proposition that Blessington still represents the New York law, in spite of C.P.L.R., section 214. However, that case made no mention of section 214. In any event, we hold that under the well settled New Jersey law which controls this action, it was barred by N.J.S. 2A:14-2, the two-year statute.
The judgment is reversed and judgment is entered in favor of defendant.