## CITIZENS CASUALTY COMPANY OF NEW YORK, NEW YORK *v.* AEROQUIP CORPORATION.

1. SALES—BREACH OF WARRANTY—NEGLIGENCE.

Product liability action sounds in tort whether liability is claimed on a breach of warranty or on a negligence theory.

2. LIMITATION OF ACTIONS—DAMAGE TO PROPERTY—FIRE—NEGLIGENCE—WARRANTY.

Cause of action for damages to property by fire *held*, to be subject to the 3-year statute of limitations, whether the complaint against the seller of a hose for delivering propane which burst sounds in negligence or breach of warranty (CLS 1961, § 600.5805).

3. NEGLIGENCE—FIRE—LIMITATION OF ACTIONS.

Denial of motion for accelerated judgment or dismissal where plaintiff brought action for negligence and breach of warranty resulting from a fire caused by bursting of a hose manufactured for and sold by defendant, and nearly 4 years after fire other plaintiffs were added *held*, error, as to additional plaintiffs, where the added parties plaintiff seek damages for injuries to property caused by the fire (CLS 1961, § 600.5805).

Appeal from Jackson; Dalton (John C.), J. Submitted Division 2 October 3, 1967, at Lansing. (Docket No. 1,935.) Decided March 26, 1968.

Declaration by Citizens Casualty Company of New York, New York, a New York corporation, against Aeroquip Corporation, a Michigan corpo-

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur, Sales § 799 *et eq.*
[2, 3] 34 Am Jur, Limitation of Actions § 103.

ration, for damages arising from breach of expressed and implied warranties of a hose sold by defendant. American Propane Corporation, and Continental Casualty Fire & Surety Company, foreign corporations, were added as parties plaintiff. Defendant's motion for accelerated judgment, or in the alternative, for entry of order dismissing the cause as to the added plaintiffs, denied. Defendant appeals. Reversed and remanded.

*Felix F. Best,* for plaintiffs.

*Badgley, Domke, Morrison, McVicker & Marcoux* (*John H. Schomer,* of counsel), for defendant.

McGREGOR, P. J. The circuit court denied a motion for accelerated judgment or dismissal* made by defendant, based on its contention that the added party-plaintiffs' claim should be barred by the defense of the statute of limitations. A fire occurred on July 14, 1960, to a tank truck owned by the American Propane Corporation, allegedly caused by a bursting hose manufactured for and sold by Aeroquip Corporation, the defendant. The plaintiff, Citizens Casualty Company of New York, as insurer, paid a claim. Then, on July 13, 1962, it brought this subrogation action against the Aeroquip Corporation for recovery on a count of breach of warranty of the ruptured hose and on a second count of negligence. Nearly four years after the fire, on June 26, 1964, the first plaintiff filed a motion to add as parties plaintiff the owner of the truck and a second insurance carrier whose subrogated interest arose out of the same fire, and filed a motion to amend its own complaint. By stipulation, both motions were granted with the provision that defendant reserved

* GCR 1963, 116.1(5).

its right to raise the defense of the statute of limitations to the added plaintiffs' right of recovery.

After the amended complaint was filed, defendant filed a motion for the entry of an accelerated judgment, or, in the alternative, for the entry of an order dismissing the cause as to the added plaintiffs. This was on the ground that the added plaintiffs' claim sounded in tort and was therefore barred by the three-year statute of limitations.

The applicable portion of the Michigan statute concerning limitations of actions to recover damages for injuries to persons or property, CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805), states as follows:

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section. * * *

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

In a product liability case, regardless of whether liability is claimed on a breach of warranty or negligence theory, the action sounds in tort. *Spence* v. *Three Rivers Builders & Masonry Supply, Inc.*, (1958), 353 Mich 120, 130.

In a comparable case in New York, the complaint for recovery of damages to property by fire contained two counts, the first based on contract (warranty) and the second based on tort (negligence). The court held the New York three-year statute of limitations applied under a statute very similar to Michigan's, and dismissed the complaint, saying:

"It will be noted that the statute does not draw a distinction in terms between actions in contract and

actions in tort.  The three-year statute is in terms applicable to actions 'for damages for an injury to property.'  It does not matter whether the action is brought in contract or in tort.

" 'The form of the action, whether *ex contractu,* as claimed to be the case here by appellant's counsel, or *ex delicto,* does not affect the case under this statute.'  *Webber* v. *Herkimer & Mohawk Street R. Co.* (1888), 109 NY 311, 314 (16 NE 358, 359).

" 'Our ruling is not to rest on the term to be given the cause of action under common-law nomenclature, whether *ex delicto* or *ex contractu*  *  *  *  if the "gravamen of the action and foundation of the claim" are to "recover damages for a personal injury resulting from negligence,"  *  *  *  [it is necessary] to enforce the statutory prescription against the maintenance of the action, whether in form it be brought *ex contractu* or *ex delicto.'  (Hermes* v. *Westchester Racing Association,* 213 App Div 147, 148 [210 NYS 114]).

" '(I) In applying the statute of limitations we look for the reality, and the essence of the action and not its mere name.'  (*Brick* v. *Cohn-Hall-Marx Co.* (1937), 276 NY 259, 264 [11 NE2d 902, 904, 114 ALR 521]).

" 'In deciding whether the statute with respect to injury to property is applicable, "not the origin of the liability, but the character of the loss" is determinative.'  (*Schiavone-Bonomo Corporation* v. *Buffalo Barge Towing Corporation* [CA 2, 1943], 132 F2d 766, 768, certiorari denied, 320 US 649 [64 S Ct 53, 88 L Ed 445]).

"If the action is essentially one to recover damages for an injury to property, the three-year statute is applicable, even though the legal duty which is alleged to have been breached had its origin in a contract.  *  *  *

"There can be no question but that this is an action for 'damages for an injury to the property,' as that term is commonly understood.  It is an action

for consequential damages to property alleged to have resulted from a breach of warranty. It is not an action merely for restitution of the contract price, nor is it an action for money had and received, to which the six-year contract statute might apply." *Buyers* v. *Buffalo Paint & Specialities, Inc.,* (1950), 199 Misc 764, 766 (99 NYS2d 713, 716, 717).

Under the pleadings each party plaintiff may have had a valid claim, each of which must be asserted within the three-year period required by statute in order to avoid its limiting effect. The added parties plaintiff are seeking damages for injuries to property caused by fire. This is within the scope of the three-year statute and the belated proceedings by the added plaintiffs did not meet the requirements of that limitation. See *Kushmaul* v. *Consumers Power Company* (1966), 3 Mich App 626.

The trial court's order denying defendant's motion for accelerated judgment or dismissal was error.

Reversed and remanded to the trial court to proceed with this case in a manner consistent with this opinion. Costs to defendant.

LEVIN and QUINN, JJ., concurred.