Theo **BURLESON**, and His Wife, Geraldine Burleson, Plaintiffs,

v.

**MEAD JOHNSON & COMPANY,**
Defendant.

Civ. A. No. CA-3-3446-D.

United States District Court,
N. D. Texas,
Dallas Division.
July 30, 1971.

Phil Burleson, Abney, Burleson, Bondies, Conner & Mills, Dallas, Tex., for plaintiffs.

Mark Martin and Wilson Herndon, Strasburger, Price, Kelton, Martin & Unis, Dallas, Tex., for defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

ROBERT M. HILL, District Judge.

Plaintiffs seek recovery for breach of warranty. Defendant has moved to dismiss, claiming the statute of limitations has run.

About August 13, 1965, plaintiff Geraldine Burleson began taking Oracon birth control pills. She took the pills approximately six weeks, terminating their usage at the end of September.

On May 31, 1966, eight months after she stopped taking the pills, Geraldine Burleson gave birth to a baby, Mitchell Craig Burleson. The child was born without arms or legs.

On October 28, 1969, plaintiffs filed this suit on their own behalf, claiming that Oracon was responsible for the birth defects of Mitchell Craig Burleson.

Since jurisdiction is based on diversity, the Court is bound to apply Texas law to determine whether the statute of limitations has run. There are three possible applicable statutes:

1) Section 2.725(a) of the Texas Business and Commerce Code, V.T.C.A., states in relevant part:

An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.

2) Article 5529 of the Vernon's Ann. Texas Civil Statutes provides:

> Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward.

3) Article 5526 of the Texas Civil Statutes provides in relevant part:

> There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in Court of the following description:
>
> *　*　*　*　*　*
>
> 6. Action for injury done to the person of another.

Plaintiff first contends that Section 2.725(a) of the Texas Business and Commerce Code is the applicable statute of limitations. However, Section 2.725(d) of the Code provides:

> This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this title becomes effective.

The Texas Business and Commerce Code became effective on July 1, 1966. Whether the statute in this case commenced to run in August 1965, when Mrs. Burleson began taking pills, or on May 31, 1966, when Mitchell Craig Burleson was born, it is clear that the cause of action accrued prior to July 1, 1966. Article 2.725(a) of the Texas Business and Commerce Code is not applicable in this case.

Plaintiff asserts, in the alternative, that Article 5529, rather than Article 5526, is applicable. This contention is based on the fact that the suit is cast in terms of breach of warranty rather than of personal injury.

There are no Texas holdings on this question. However, it has been generally held in other jurisdictions that personal injury actions are governed by the statute of limitations usually applicable thereto, and that statutes of limitations applicable to contract actions cannot be invoked. 1 CCH Prod.Liab.Rep. ¶ 3390.

There are numerous state cases in point. In Friedman v. Peoples Service Drug Stores, Inc., 208 Va. 700, 160 S.E. 2d 563 (1968), plaintiff sued for personal injuries allegedly arising from a prescription filled with improper medicine. The plaintiff was not permitted to take advantage of the three-year statute on contract actions by alleging breach of warranty, but was limited to the two-year statute governing personal injuries.

Other cases to the same effect are George v. Douglas Aircraft Co., 332 F.2d 73 (2d Cir. 1964) construing New York law; Finck v. Albers Super Markets, Inc., 136 F.2d 191 (6th Cir. 1943) construing Kentucky law; Citizens Casualty Co. of New York, N. Y. v. Aeroquip Corp., 10 Mich.App. 244, 159 N.W.2d 223 (1968); Raskin v. Shulton, Inc., 92 N.J.Super. 315, 223 A.2d 284 (1966); Bayhi v. S. H. Kress & Co., 158 So.2d 270 (La.App.1963); Rubino v. Utah Canning Co., 123 Cal.App.2d 18, 266 P.2d 163 (1954).

The Court also notes that only three cases [1] based on warranty have been reported under Section 5529, and all dealt with warranty of title in real estate transactions. Both the language of Article 5529 and its position in the Texas statutory scheme [2] lead this Court to believe that the statute is residual

---

1. Morrison v. Howard, 261 S.W.2d 910 (Tex.Civ.App.1953); Schneider v. Lipscomb County Nat. Farm Loan Ass'n., 196 S.W.2d 954 (Tex.Civ.App.1946), reversed on other grounds 146 Tex. 66, 202 S.W.2d 832; Beck v. Kouri, 158 S.W. 2d 75 (Tex.Civ.App.1942).

2. Article 5529 follows six other articles providing for limitations of various personal actions. The articles provide the enumeration of actions to be commenced within one year (Art. 5524), within two years (Art. 5526), and within four years (Art. 5527).

in nature and should be applied only if no other is appropriate.

 For the above reasons it is the opinion of the Court that Article 5526, the two-year statute, is the applicable statute and that this suit is barred by limitations.

Several issues raised by the parties need not be decided. This Court expresses no opinion as to the present effect of the Uniform Commercial Code on state statutes of limitations. Nor does the Court decide whether the cause of action in this case commenced on August 13, 1965, the date plaintiff began taking pills, or on May 31, 1966, the date of Mitchell Craig Burleson's birth.

It is ordered that defendant's motion to dismiss is sustained and that this cause is dismissed with prejudice. Costs are taxed to the plaintiff.