**Gregorio ROMAN and wife, Maria L. Roman, Plaintiffs-Appellants,**

v.

**A. H. ROBINS COMPANY, INC., Defendant-Appellee.**

**No. 75–1784**
**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1975.

Rehearing Denied Oct. 20, 1975.

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al, 5 Cir., 1970, 431 F.2d 409, Part I.

Fred J. Morton, El Paso, Tex., for plaintiffs-appellants.

Sam Sparks, Donald F. Hagans, II, El Paso, Tex., for defendant-appellee.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

This products liability case is an appeal from a directed verdict in favor of the defendant drug company. Because we agree with the apparent finding of the District Court that the disabled plaintiff's claim is barred by the appropriate Texas statute of limitations, we affirm.

The plaintiff, Mrs. Roman, suffered from a recurring kidney infection and in June 1968, was given a prescription by her employer, Dr. Alberto Melgar, for Sulla, a drug produced by the defendant, A. H. Robins Co. She also received samples of the drug from a Robins Company

representative at Dr. Melgar's request. On July 16, 1968 Mrs. Roman began having difficulties with her eyes. Ultimately, a diagnosis was made that she was suffering from a rare medical condition known as Stevens-Johnson Syndrome which was probably caused by an allergic reaction to the drug. Without detailing the almost nightmarish particulars of the next five years of Mrs. Roman's life, it is enough to say that after a number of operations and many periods of hospitalization, by the summer of 1973 she was totally blind.

On September 21, 1973, Mrs. Roman, joined by her husband, filed suit against Robins alleging that (i) the drug was unreasonably dangerous, (ii) defendant had failed to give proper warnings to physicians about the potential dangers resulting from the drug, and (iii) the drug had been negligently placed on the market since it had been inadequately tested. At the close of plaintiff's evidence presented to a jury, the Trial Judge gave an instructed verdict for the defendant. The judgment of the District Court does not indicate the grounds on which the verdict was directed for defendant—whether it was on the merits or because the claim is barred by limitations. But because we are satisfied that the suit was barred, we do not find it necessary to consider the merits.

It is an established point of Texas law that a personal injury cause of action for medical malpractice accrues when the injurious condition is discovered or, in the exercise of ordinary care, should have been discovered.[1] *Nichols v. Smith,* Tex., 1974, 507 S.W.2d 518; *Hays v. Hall,* Tex., 1972, 488 S.W.2d 412; *Gaddis v. Smith,* Tex., 1967, 417 S.W.2d 577.

Products liability cases are governed by the two-year statute of limitations in Texas.[2] Vernon's Tex.Rev.Civ.

[1] Although the Texas Supreme Court has been careful in limiting the factual limitations to which this rule applies, it is our belief, which we are confident is not *Erie*-error, that the rationale behind the rule makes it applicable in the present setting. In any event, the alternative to the "reasonable discovery" rule is that the cause accrues, and limitations begin to run, when the injury occurs.

[2] Tex.Rev.Civ.Stat.Ann. art. 5526 provides in pertinent part:

Stat.Ann. art. 5526; *Burleson v. Mead Johnson & Co.*, N.D.Tex., 1971, 331 F.Supp. 710.

■ Mrs. Roman was first advised that her physical problems probably resulted from an adverse reaction to Sulla in July of 1968. The suit was not filed until September 1973—over five years later and beyond the limitation cut-off on the discovery rule.

■ Mrs. Roman, however, asserts that the cumulative effect of the very real misfortunes that befell her was to cause her to become a person of "unsound mind" and so under Tex.Rev.Civ. Stat.Ann. art. 5535[3] the running of the limitations was tolled. Unfortunately, this is not the law in Texas. Once the limitations period begins to run, it continues to do so even should one of the disabilities that would toll it arise in the meantime.[4] *Joy v. Joy*, Tex.Civ.App.— Eastland, 1941, 156 S.W.2d 547, writ dism'd.; *Stubbs v. Lowrey's Heirs*, Tex. Civ.App.—Eastland, 1952, 253 S.W.2d 312, writ ref'd. n. r. e.; Annot., 41 A.L.R. 2nd 726.

The Romans' suit was barred by the statute of limitations.

Affirmed.

---

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in the court of the following description:

. . . . .

6. Action for injury done to the person of another.

. . . ."

3. Article 5535 provides:

"If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues either a minor, a married person under 21-years of age, a person imprisoned or a person of unsound mind, the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title."

4. The only exception to this rule that we have discovered is that if the mental incompetency results directly from the injury constituting the cause of action and arises on the same day, the statute will be tolled. 41 A.L.R. 2d at 730–32. Here, although any mental disability that Mrs. Roman suffered must have been the result of the Sulla-induced Stevens-Johnson Syndrome, all the evidence indicates that this change in mental condition was a gradual thing—occurring over a period of time. And we cannot say that it arose on the same day as the injury.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.