# United States Court of Appeals for the Fifth Circuit

———————————

No. 25-40349

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2026

Lyle W. Cayce
Clerk

MATTHEW J. KERNS,

*Plaintiff—Appellant*,

*versus*

WILLIAM J. DICKSON, JR.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:24-CV-418

———————————————————————

Before RICHMAN, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

This case arises out of a series of lawsuits that Matthew J. Kerns has filed complaining about the investigation into his activities and subsequent arrest. Kerns filed this lawsuit against William J. Dickson Jr., the Texas Southwestern Cattle Raisers Association Special Ranger who arrested him. The district court granted Dickson's motion to dismiss. We affirm.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-40349

## I

We provide facts as alleged in Kerns's first amended complaint as follows. Dickson, a Texas Southwestern Cattle Raisers Association Special Ranger,[1] "falsely represent[ed] himself as law enforcement," entered Kerns's home on July 21, 2020, and arrested him. Dickson "falsified his authority as a law enforcement officer by fabricating a badge number on official documents, including [Kerns's] arrest report . . . [and] falsely listed the Texas Department of Public Safety (DPS) as the arresting agency." Such acts "were part of a calculated scheme to deceive officials, the [Van Zandt County] grand jury, and others into believing he had legal authority." Knowing that Kerns "had filed for bankruptcy," Dickson "misclassified [Kerns's] equipment as livestock-related property to fabricate allegations and secure an indictment." Ultimately, Van Zandt County dismissed the third-degree felony charged in the indictment—"Hindering Secured Creditors"—and Kerns pleaded no contest to a lesser-included misdemeanor—False Statement to Obtain Property or Credit.[2] Almost four years after Kerns's arrest, Kerns filed the first of numerous lawsuits in both state and federal courts complaining about the investigation into his activities and subsequent arrest. This case, filed November 4, 2024, is the latest in this series of lawsuits and is the first to name Dickson as a defendant.[3]

Kerns's initial complaint comprised a six-line "Brief Statement of Facts," a "Summary of Claims," and "Constitutional Concerns," and

---

[1] *See* TEX. GOV'T CODE § 411.023; TEX. CODE CRIM. PRO. Art. 2A.006.

[2] *See Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) ("Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss." (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994))).

[3] *See* ROA.100-04 (*Kerns v. Texas Southwestern Cattle Raisers Association*); ROA.129-33 (*Kerns v. Hand*).

2

addressed "Statute of Limitations and Tolling." The district court ordered Kerns to file an amended complaint "legibly explain[ing] in detail how and when his own constitutional rights were allegedly violated, identify[ing] the defendants responsible for those violations, specify[ing] how each defendant personally violated his constitutional rights, explain[ing] how he was harmed or injured . . . and specify[ing] the relief he seeks." The court also instructed Kerns to explain his relationship to Dickson.

Kerns filed an amended complaint with "Detailed Factual Allegations," and again addressed "Statute of Limitations and Tolling." He listed twelve different claims, many of which were the same claims he asserted in prior lawsuits. Kerns accused Dickson of violating federal and state laws, specifically alleging: (1) constitutional violations under 42 U.S.C. § 1983; (2) civil conspiracy under 42 U.S.C. § 1985; (3) abuse of process; (4) state law claims including trespass to land, intentional infliction of emotional distress, and defamation; (5) state and federal conspiracy; (6) ultra vires acts; (7) fraudulent concealment; (8) state penal violations such as kidnapping and false imprisonment, impersonation of a public servant, and stalking.

On January 27, 2025, Dickson moved to dismiss Kerns's claims under Federal Rule of Civil Procedure 12(b)(6). Dickson argued that Kerns's claims were barred by the applicable statute of limitations and res judicata, and that Kerns failed to state a claim upon which relief may be granted. The Magistrate Judge issued a Report and Recommendation on February 18 recommending Dickson's motion be granted. Kerns filed a second amended complaint without leave of court the next day. This second amended complaint "state[d] the same factual and legal basis as his original and first amended complaint," but added a "tortious interference with contract" claim. The Magistrate Judge issued a Supplemental Report and Recommendation to address Kerns's second amended complaint and

maintained his recommendation to grant Dickson's motion. Specifically, the Magistrate Judge stated that Kerns had "twice been provided an opportunity to amend his complaint" and "failed to allege facts upon which his claims may be allowed to proceed." The Magistrate Judge explained that Kerns had not "been able to allege anything other than a conclusory basis to toll the limitations period for his asserted claims" and that any "further amended complaint[s] based on the facts underlying Plaintiff's current allegations would not survive a legal challenge under Rule 12(b)(6)."

Kerns filed objections to the Reports and a Motion for Leave to file a supplemental complaint. Dickson filed a response to both. Then, Kerns filed various motions, responses, and "notices," which included a Motion to Recuse the Magistrate Judge.

On March 31, 2025, the district court issued a twelve-page order adopting both of the Magistrate Judge's Reports, which disposed of all Kerns's claims, and entered a final judgment dismissing Kerns's claims with prejudice in favor of Dickson. The district court recognized that Kerns's "second amended complaint was untimely," but because the "Supplemental Report merely acknowledged that [Kerns's] second amended complaint would be futile and [Kerns] did not seek leave of the court to file outside Rule 15(a)'s parameters," the court found no error.

Almost a week later, Kerns filed a Motion to Refer the Magistrate Judge for judicial misconduct under 28 U.S.C. § 351, which the district court denied. The district court additionally ordered the Clerk of Court not to "accept from . . . Kerns any further documents, pleadings, motions, or correspondence," excepting a Federal Rule of Civil Procedure 59(e) or 60 motion, a notice of appeal, or an application to proceed *in forma pauperis* connected to a notice of appeal. In response, Kerns filed a motion for recusal and affidavit of bias and prejudice under 28 U.S.C. §§ 144 and 455 against

the district court judge. Kerns then filed a Rule 59(e) motion to alter or amend judgment with a "Notice of Submission of Evidence Under Seal." The district court denied the Rule 59(e) motion and simultaneously struck Kerns's motion for recusal pursuant to its "prior order."

Kerns appeals the district court's Rule 12(b)(6) and 59(e) determinations.

## II

We turn first to the district court's Rule 12(b)(6) dismissal. "We review de novo the district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6)."[4] "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."[5] We "do not accept conclusory allegations, unwarranted factual inferences, or legal conclusions,"[6] and "generally confine our analysis to the complaint and its proper attachments, which 'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"[7]

We base our analysis primarily on Kerns's first amended complaint (complaint) since it is the "live pleading." The second amended complaint was filed twenty-three days after Dickson's motion to dismiss, without leave

---

[4] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (citing *Sullivan v. Leor Energy, L.L.C.*, 600 F.3d 542, 546 (5th Cir. 2010)).

[5] *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (quoting *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir.2010)).

[6] *McKay v. LaCroix*, 117 F.4th 741, 746 (5th Cir. 2024) (citing *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020)).

[7] *Hale*, 642 F.3d at 498-99 (footnote omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

of court, and without consent of Dickson.[8]  However, since the magistrate and district court judges evaluated both complaints in their decisions, we consider the second amended complaint to the extent it is relevant.  "Because [Kerns] was proceeding *pro se* at the district court, we hold his complaint 'to less stringent standards than formal pleadings drafted by lawyers.'"[9]  Kerns alleged twelve counts in his complaint:   (1) violation of the Fourth Amendment; (2) kidnapping and false imprisonment; (3) impersonation of a public servant;  (4) abuse of process;  (5) trespass to land;  (6) stalking; (7) intentional infliction of emotional distress;  (8) defamation;  (9) civil conspiracy;  (10) fraudulent concealment;  (11) conspiracy;  and  (12) ultra vires act.

We address (A) the statute of limitations pertaining to the twelve legal claims listed above, (B) whether the district court abused its discretion in refusing to toll the statute of limitations pursuant to Kerns's allegations of "unsound mind,"  (C) whether  Kerns  sufficiently  pled  a  malicious prosecution claim, and (D) Kerns's improperly alleged claims.

## A

Assuming arguendo that Kerns adequately pled facts supporting his claims, we agree with the district court that all claims, except for the malicious prosecution claim discussed below, are time-barred.

"The determination of when a federal cause of action accrues," such as a civil rights action brought under 42 U.S.C. § 1983, "is a matter of

---

[8] *See* Fed. R. Civ. P. 15(a).

[9] *Hale*, 642 F.3d at 499 (quoting *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002)).

federal, not state, law."[10]  "But state law determines when a state cause of action accrues."[11]  "Under federal law, a cause of action accrues the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint."[12]  "[T]he statute of limitations [accordingly] begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."[13]  Under Texas law, the "date of accrual is defined" by statute or the "cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred."[14]

We consider Kerns's allegations for trespass to land, intentional infliction of emotional distress, and broadly construing his false imprisonment claim under the Texas Penal Code as a tort cause of action, as his "tort claims."  We decline to construe Kerns's stalking claim as a tort cause of action, as Kerns's complaint is wholly devoid of factual allegations to do so.[15]

Except for the defamation claim, Kerns's complaint alleges facts that trace back to one incident—Dickson's arresting him on July 21, 2020. Although Kerns alleges facts that occurred prior to his arrest, the date of his arrest, which is also the date he was released, is the latest date upon which

---

[10] *Kelly v. Stello*, 992 F.2d 323, 323 (5th Cir. 1993); *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987).

[11] *Kelly*, 992 F.2d at 323.

[12] *Helton*, 832 F.2d at 334-35.

[13] *Id.* at 335.

[14] *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).

[15] *See* Tex. Civ. Prac. & Rem. Code § 85.003; *see also Shannon v. L.-Yone*, 950 S.W.2d 429, 433 (Tex. App.—Fort Worth 1997, writ denied).

No. 25-40349

Kerns's tort claims could have accrued.[16] We therefore consider Kerns's arrest date—July 21, 2020—as the accrual date for Kerns's tort claims, which are subject to a two-year statute of limitations.[17] Kerns's § 1983, abuse of process, and civil conspiracy claims are also subject to a two-year statute of limitations, and we likewise consider Kerns's arrest date as the accrual date.[18] We broadly construe Kerns's claim for fraudulent concealment—a

---

[16] *See Moon v. City of El Paso*, 906 F.3d 352, 357 (5th Cir. 2018) (recognizing that, in Texas, the "default accrual rule . . . is that 'a cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy'" (quoting *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 591 (Tex. 2017))); *id.* (recognizing false imprisonment as a "continuing tort" and making an *Erie* guess that the Supreme Court of Texas would hold that a false imprisonment claim does not accrue until the person being held is released).

[17] *See Arnold v. Wal Mart Dep't Store*, No. 12-01-00011, 2002 WL 122897, at *1 (Tex. App.—Tyler Jan. 20, 2002, pet. denied) (intentional infliction of emotional distress and false imprisonment claim subject to two-year statute of limitation under Texas law); *White v. Cole*, 880 S.W.2d 292, 295 (Tex. App.—Beaumont 1994, writ denied) (false imprisonment claim subject to two year statute of limitation under Texas law); *Yalamanchili v. Mousa*, 316 S.W.3d 33, 37 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) ("[T]respass claims are governed by a two-year statute of limitations."); *Ashley v. Hawkins*, 293 S.W.3d 175, 177 (Tex. 2009) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a) for the proposition that "personal injury actions" have a "two-year limitations period"); *Zurita v. Lombana*, 322 S.W.3d 463, 473 (Tex. App.—Houston [14th Dist] 2010, pet. denied) ("Under Texas law, an intentional-infliction-of-emotional-distress claim must be brought within two years from the date the cause of action accrued."); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a).

[18] *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (stating that "federal law looks to the law of the State in which the [§ 1983] action arose" "for the length of the statute of limitations" and that it is "that which the State provides for personal-injury torts"); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Casares v. Linthicum*, 2019 WL 4781344, at *3 (E.D. Tex. June 29, 2019) ("The statute of limitations in Texas for section 1983 actions is two years." (citing *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989)); *Dolenz v. Boundy*, 197 S.W.3d 416, 420 (Tex. App.—Dallas 2006, pet. denied) (recognizing abuse of process claim as subject to two-year statute of limitations); *Whitelock v. Stewart*, No. 10-23-00132, 2025 WL 2473021, at *5 (Tex. App. Aug. 28, 2025, no pet. h.) ("A claim for abuse of process has a two-year limitations period."); *Porterfield v. Deutsche Bank Nat'l Tr. Co.*, 2021 WL 4976560, at *10 (Tex. App.—San Antonio Oct. 27, 2021, pet. denied)

doctrine based on equitable estoppel that "estops a defendant from relying on the statute of limitations as an affirmative defense to plaintiff's claim"—as a fraud cause of action, which is subject to a four-year statute of limitation.[19]  Again, we consider Kerns's arrest date as the accrual date.

Kerns filed this lawsuit on November 4, 2024, over four years after his July 21, 2020 arrest.  The district court properly dismissed Kerns's tort, § 1983, abuse of process, civil conspiracy, and fraud claims under Rule 12(b)(6).[20]

Kerns alleges defamation based upon Dickson's statements to the Van Zandt District Attorney's Office and Grand Jury, and a press release "publicly accusing [him] of theft and criminal misconduct before any conviction."  Under Texas law, defamation claims are subject to a one-year statute of limitations beginning to run "when the matter is published or circulated."[21]  Dickson would have made such statements prior to the Grand Jury's indictment on June 29, 2020, and the publication was released August 3, 2020.  Over four years have passed since Kerns filed his complaint. Kerns's defamation claim is therefore time-barred.

---

(recognizing abuse of process claims as subject to a two-year statute of limitations); *Agar Corp. Inc. v. Electro Cirs. Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019) (explaining that the limitations period for civil conspiracy claims is equated with "that of the underlying tort").

[19] *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983).

[20] *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").

[21] *Deaver v. Desai*, 483 S.W.3d 668, 674 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see id.* at 674-75 ("For defamation claims, there is a one-year statute of limitations, which begins to run from the day the cause of action accrues.").

No. 25-40349

## B

Kerns argues the district court should have tolled the statute of limitations because of his "unsound mind." Section 16.001(b) of the Texas Civil Practice and Remedies Code states that "[i]f a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period."[22] "[A] person is under a legal disability if the person is . . . of unsound mind."[23] The district court concluded that "[s]imply alleging tolling based on unsound mind is not enough." "At a minimum, [Kerns] must produce '(1) specific evidence that would enable the court to find that the incompetent person did not have the mental capacity to pursue litigation or (2) a fact-based expert opinion to that effect.'"[24] Since Kerns did not "meet his initial burden of showing unsound mind, either by alleging specific facts or producing evidence," as required by *Rollins*,[25] the court concluded that his claims would not be tolled.[26]

Kerns's complaint stated as follows:

Plaintiff asserts unsound mind tolling under *Rollins v. Southern Baptist Convention* due to mental incapacity caused by Defendant's actions. Plaintiff suffered severe emotional distress, impairing his ability to pursue his legal claims

---

[22] Tex. Civ. Prac. & Rem. Code § 16.001(b).

[23] *Id.* § 16.001(a)(2).

[24] *See Rollins v. S. Baptist Convention*, 628 S.W.3d 583, 597 (Tex. App.—Houston [1st Dist.] 2021, pet. denied) (stating that "the evidence [must] ultimately show[] the plaintiff lacked the ability to pursue or participate in the suit").

[25] *See id.* at 590.

[26] *See id.* ("To establish an entitlement to tolling of limitations based on unsound mind, a plaintiff has to either produce specific evidence that shows he did not have the mental capacity to pursue his suit or submit a fact-based expert opinion to this effect.").

10

promptly.  The burden now shifts to [Dickson] to prove [he] was of sound mind during the relevant period.

Ten days after filing his complaint, Kerns also filed a "notice to the court regarding tolling" "to address the tolling of the statute of limitations under *Rollins*."  He stated in the notice that he was diagnosed with PTSD in 2020, shortly after Dickson's actions, and, in 2022, began counseling with a different licensed professional counselor after his first licensed professional counselor passed away.  Kerns argues the district court failed to consider the "evidence" in the notice when it refused to toll the statute of limitations and dismissed his case.

"We review for abuse of discretion a district court's decision not to exercise equitable tolling."[27]  Kerns bore the burden of proof, as the "party who invoke[d] equitable tolling."[28]  "To establish an entitlement to tolling of limitations based on unsound mind, a plaintiff has to either produce specific evidence that shows he did not have the mental capacity to pursue his suit or submit a fact-based expert opinion to this effect."[29]

Even if the district court considered the notice, it would not have tolled the limitations period.  Under Section 16.001(d) of the Texas Civil Practice and Remedies Code, "[a] disability that arises *after* a limitations period starts does not suspend the running of the period."[30]  Kerns's claims accrued on July 21, 2020, and the letter from his counselor indicated he did

---

[27] *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).

[28] *Id.*

[29] *Rollins*, 628 S.W.3d at 590.

[30] Tex. Civ. Prac. & Rem. Code § 16.001(d) (emphasis added); *see Roman v. A. H. Robins Co.*, 518 F.2d 970, 972 (5th Cir. 1975) ("Once the limitations period begins to run, it continues to do so even should one of the disabilities that would toll it arise in the meantime.").

No. 25-40349

not receive treatment until August 13, 2020.  That leaves only the allegations as drafted in the complaint.  Looking solely to the complaint, Kerns did not produce "specific evidence" demonstrating he did not have the capacity to pursue litigation, nor did he produce an expert opinion.[31]  He made conclusory allegations that he was unable to pursue his legal claims.  The district court did not abuse its discretion in concluding that tolling did not apply.

## C

Kerns argues that "the district court improperly dismissed a non-pled, unripe malicious-prosecution claim."  He contends that his complaint included "no count for malicious prosecution" and it was "legally impermissible" for the court to "create [a] claim[] from stray narrative references."  Dickson argues "no malicious prosecution claim is before this [c]ourt" because the district court "analyzed a *potential* malicious prosecution claim."

Dickson is incorrect that the district court analyzed a *potential* malicious prosecution claim.  After Kerns filed his second amended complaint (February 19, 2025), and before the magistrate judge issued a supplemental report and recommendation addressing the second amended complaint (February 25, 2025), Kerns's supervisory period for a February 21, 2023 deferred adjudication ended (February 21, 2025).  Kerns then filed a motion for leave to supplement his complaint, arguing his malicious prosecution claim "became ripe on February 21, 2025" and the "magistrate's recommendation overlooked this critical fact" when it concluded that further leave to amend would be futile.

---

[31] *See Gribble v. Layton*, 389 S.W.3d 882, 894 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Rollins*, 628 S.W.3d at 597.

12

In adopting the magistrate judge's report and recommendation, the district court acknowledged Kerns's attempt to "supplement his malicious prosecution claim."  It recognized Kerns's argument "that his malicious prosecution claim [was] not time-barred" since the two-year supervisory period from his deferred adjudication ended on February 21, 2025, and "deferred adjudication amounts to a 'favorable termination' of his state criminal case."  But the district court concluded that "[s]upplementation as to this claim is futile for failure to state a claim."  Then, in denying Kerns's Rule 59(e) motion, the district court stated that "[a]lthough [Kerns's] complaint did not explicitly list malicious prosecution as a claim, the Court liberally construed his allegations to plainly include such a claim."  The court then stated it had "dismissed it."  In other words, the district court did, in fact, dismiss a malicious prosecution claim.

Liberally construing his complaint, as we must, we agree with the district court that Kerns brought a claim for malicious prosecution.  Kerns alleged that Dickson "[f]abricated evidence and misclassified [his] equipment to create a false narrative of theft, despite knowing that no theft was alleged by the bank or any legitimate authority," "knowingly misclassified [his] equipment as livestock-related property to fabricate allegations and secure an indictment," falsely testified to the grand jury, and acted "malicious[ly]."

We also conclude that the district court properly dismissed this claim.  A malicious prosecution claim requires a plaintiff show: "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was [a] defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding;

(5) malice; and (6) damages."[32] The complaint does not plausibly allege that Dickson was the legal cause for his criminal proceeding.[33] While Kerns argues that Dickson "falsely represented himself as a law enforcement officer, fabricated evidence, and pursued baseless criminal charges against" Kerns, this is conclusory and does not amount to showing Dickson stated a deliberate falsehood or showed reckless disregard for the truth, and that the allegedly false information was material to the finding of probable cause.[34] Similarly, the complaint does not plausibly allege facts that demonstrate Dickson acted with malice.[35] "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of

---

[32] *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023).

[33] *See Sykes v. Anderson*, 625 F.3d 294, 311 (6th Cir. 2010) ("[A]n officer may be responsible for commencing a criminal proceedings against a plaintiff, where the officer 'ma[d]e, influence[d], or participate[d] in the decision to prosecute.'" (alterations in original) (quoting *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007))), *abrogated on other grounds by*, *Pearson v. Callahan*, 555 U.S. 223 (2009)); *see also Armstrong*, 60 F.4th at 279 (concluding that the plaintiff did not "plausibly allege[] that the defendants suppressed, fabricated, or destroyed evidence," and accordingly did not "plausibly allege[] that the defendants were the cause of [the plaintiff's] prosecution").

[34] *See Sykes*, 625 F.3d at 311 (stating that to establish that a testifying officer was responsible for commencing a criminal proceeding for purposes of a malicious-prosecution claim, the plaintiffs must produce evidence showing the officer "(1) stated a deliberate falsehood or showed reckless disregard for the truth [at the hearing] and (2) that the allegedly false or omitted information was material to the [court's] finding of probable cause." (alterations in original) (quoting *Gregory v. City of Louisville*, 444 F.3d 725, 758 (6th Cir. 2006))).

[35] *See, e.g.*, *Hernandez–Cuevas v. Taylor*, 836 F.3d 116, 125 (1st Cir. 2016) ("[A] plaintiff pursuing a Fourth Amendment malicious prosecution claim must demonstrate that '[law enforcement] officers formulated evidence essential to the probable cause determination with a mental state similar to common law malice.'" (second alteration in original) (quoting *Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 101 (1st Cir. 2013))).

No. 25-40349

time and money by the parties and the court."[36]  The claim was properly dismissed.

## D

Kerns has no right as a private citizen to bring stalking, kidnapping and false imprisonment, and impersonation of a public servant claims under the Texas Penal Code.[37]  Kerns's remaining claims—ultra vires conduct and fraudulent concealment—are not proper civil causes of action here.[38]

---

[36] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (second alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)).

[37] *See Cort v. Ash*, 422 U.S. 66, 79-80 (1975) (discussing when a criminal statute may be civilly enforced); *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.) ("To determine whether a trial court has properly determined that there is no arguable basis in law for a claim, 'we examine the types of relief and causes of action appellant pleaded in his petition to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief,' [and] . . . the Texas Penal Code does not create private causes of action." (quoting *Jackson v. Tex. Dep't of Crim. Just.—Institutional Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied))); *cf. State v. Coleman*, No. 12-24-00104, 2024 WL 4643429, at *5 (Tex. App.—Tyler, pet. granted) (concluding that a private citizen had standing to challenge a Texas Southwestern Cattle Raisers Association special ranger's authority to investigate him for conduct giving rise to child pornography charges on motion to suppress inculpatory statements to ranger when trial court could have concluded that the ranger violated statute prohibiting impersonation of public servant).

[38] *See Hou. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 161 (Tex. 2016) (explaining that an ultra vires suit is one in which a government officer is subject to liability for certain conduct); *see also Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983) ("In the proper case, invocation of fraudulent concealment estops a defendant from relying on the statute of limitations as an affirmative defense to plaintiff's claim.  Where a defendant is under a duty to make disclosure but fraudulently conceals the existence of a cause of action from the party to whom it belongs, the defendant is estopped from relying on the defense of limitations until the party learns of the right of action or should have learned thereof through the exercise of reasonable diligence.").

No. 25-40349

## III

Regarding the district court's order denying Kerns's Rule 59(e) motion, "[w]e review a denial of a Rule 59(e) motion for abuse of discretion."[39] "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"[40] "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[41]

Kerns argues the district court (A) failed to consider "new evidence" regarding his mental capacity and (B) made a manifest error of law in denying his requested ADA accommodations.

## A

After the district court entered its final judgment, Kerns filed a "Notice of Submission of Evidence Under Seal" "to supplement the record regarding [his] claims of tolling . . . to correct the factual record previously misunderstood." The evidence included a letter "summarizing [his] mental health treatment beginning August 13, 2020, and continuing through April 8, 2022." Kerns argues that the "letter from licensed professional counselor Evelyn Dillman . . . confirming that [he] had been in treatment for PTSD and related impairments dating back to 2020" was "new evidence" warranting

---

[39] *Rosenblatt v. United Way of Greater Hou.*, 607 F.3d 413, 419 (5th Cir. 2010) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

[40] *Id.* (alteration in original) (quoting *Rosenzweig*, 332 F.3d at 864).

[41] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

an amended judgment. He contends that the "letter did not exist at the time of the dismissal order . . . making it by definition new evidence."

The district court concluded that "this evidence could have been introduced long before the Court entered final judgment and therefore is not properly considered in a motion under Rule 59(e)." It additionally stated that "even considering [this] new evidence, [Kerns's] claims are still time-barred" since Kerns "became of unsound mind *after* his federal causes of action accrued on July 21, 2020."

This letter was not newly discovered evidence, but newly created. Kerns could have obtained a letter from his counselor before the district court's judgment issued.[42] Even if the letter could constitute "new evidence," for the reasons stated above, the district court was correct in concluding that his mental diagnoses would not have tolled the limitations period.[43] The district court did not abuse its discretion.

## B

Kerns argues "the district court's denial of ADA accommodations without an interactive process . . . violated federal law and due process." He alleges he "timely requested reasonable accommodations to meaningfully participate in the proceedings, including an ex parte conference to discuss needs confidentially and an oral hearing to clarify his claims." He states the Magistrate Judge "summarily denied the requests," with "[n]o interactive process [being] initiated[,] no factual inquiry into [his] impairments[,] and no alternative accommodations . . . offered."

---

[42] *See Rosenblatt*, 607 F.3d at 419 (citing *Rosenzweig*, 332 F.3d at 864).

[43] *See supra* Section II B.

Kerns filed a request for accommodations on the same day he filed his original complaint. He requested "extended deadlines," "oral hearings and arguments," "assistance of a support person," and "flexible scheduling." The Magistrate Judge concluded that the "only accommodation . . . relevan[t] to [Kerns's] case [was his] request to have an oral hearing in lieu of further written submissions." Because he had "already filed multiple filings, in writing, clearly communicating with the court," the Magistrate Judge concluded that "there [was] no indication . . . that [he was] incapable of further communicating with the court through writing." The Magistrate Judge additionally stated that "[t]o the extent [he] need[ed] additional time to file . . . he [was] free to request an extension." The Magistrate Judge ultimately denied his motion for accommodations "without prejudice to re-urging as premature."

Kerns never re-urged his motion for accommodations. We cannot say on this record that the district court made a manifest error of law.

## IV

Kerns contends (A) the Magistrate Judge's "dispositive rulings without [his] § 636(c) consent were jurisdictionally void," (B) the Magistrate Judge sua sponte injected the statute of limitations, (C) the district court judge did not conduct a de novo review of the Magistrate Judge's Report and Recommendations, and (D) the district court erroneously issued a "filing ban," which prohibited his motion for recusal of the district judge to be filed.

## A

Kerns argues the Magistrate Judge needed consent under 28 U.S.C. § 636 to rule on his requested "ADA Accommodation[s]" and to determine whether the "Statute-of-Limitations" applied to his claims. We disagree. First, § 636(b)(1)(A) gave the Magistrate Judge authority to render rulings

No. 25-40349

on Kerns's requested ADA accommodations without the parties' consent.[44] Second, § 636(b)(1)(B) gives the Magistrate Judge limited authority, also without the parties' consent, to address a motion "for failure to state a claim upon which relief can be granted" by "submit[ting] to a judge of the court proposed findings of fact and recommendations for [] disposition."[45]  That is precisely what the Magistrate Judge did here.   The Magistrate Judge's actions were proper.

## B

Kerns contends the Magistrate Judge "*sua sponte* inject[ed]" the statute of limitations "before any defendant raised limitations."  But Kerns is actually the one who injected the statute of limitations into the case when he addressed limitations in his original complaint.  The Magistrate Judge's "acknowledg[ing] that [Kerns] may face a challenge to overcome the applicable statute of limitations" was not error.

## C

Kerns further argues that the district court judge failed to conduct a de novo review because it "accepted the [Report and Recommendations] wholesale, and, like the [Report and Recommendations], made no mention of" his "notice to the court regarding tolling."

--------

[44] *See* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.").

[45] *See id.* § 636(b)(1)(A), (B); *id.* § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . . .").

The district court judge issued a twelve-page order explaining its reasons for adopting the Magistrate Judge's Report and Recommendation. The order concluded by saying: "Having conducted a de novo review of the record in this case and the Magistrate Judge's Reports, the Court has determined that the Reports of the Magistrate Judge are correct, and Plaintiff's objections are without merit." A district court may reach the same conclusions as the Magistrate Judge; doing so does not mean the district court failed to conduct a de nevo review.[46]

Kerns argues the failure to consider his "notice" regarding the statute of limitations means the district court failed to conduct a de novo review. However, "[t]he [district] court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[47] This notice was not attached to the complaint nor the motion to dismiss. Accordingly, not considering this notice does not in any way indicate that the district court judge failed to conduct a de novo review. Moreover, contrary to Kerns's argument, allowing him to present oral argument at the pleading stage would not have changed this outcome.

## D

Kerns contends that the district court erred in issuing a "filing ban." To reiterate, after the district court entered its final judgment, Kerns filed a "Motion to Refer [the Magistrate Judge] for Judicial Misconduct." The district court denied the motion and ordered the clerk not to accept "any

---

[46] *See id.* § 636(b)(1) ("A judge of the court may accept . . . in whole or in part . . . the findings or recommendations made by the magistrate judge.").

[47] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

further documents, pleadings, motions, or correspondence" in the case except for a Rule 59(e) or 60 motion, a notice of appeal, or an application for leave to proceed *in forma pauperis* connected with a notice of appeal.

Prior to this order, Kerns made several filings, including two motions to recuse the Magistrate Judge, supported by evidence that had nothing to do with the case before the court. Given the numerous filings, some of which were frivolous, and that the case was "closed," we cannot say the district court abused its discretion when it ordered the clerk not to accept any further filings, subject to the above-mentioned exceptions.[48] "A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"[49] It may "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."[50]

Furthermore, based on the so-called "filing ban," the district court struck Kerns's motion to recuse the district court judge. Because we conclude that the district court did not abuse its discretion in enacting the "filing ban," we also conclude that the district court did not abuse its discretion in striking this motion.

---

[48] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991) (reviewing a district court's imposition of sanctions under its inherent power for abuse of discretion); *Ben E. Keith Co. v. Dining All., Inc.*, 80 F.4th 695, 702 (5th Cir. 2023) ("On appeal, this court will review the sanction" the district court imposed "under its inherent power" "for abuse of discretion.").

[49] *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

[50] *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

No. 25-40349

\*    \*    \*

We decline to reach Kerns's remaining arguments, which are without legal merit.  We AFFIRM the district court's judgment.